Finally, a cautionary note is in order. In amending the Adult Abuse Act to include stalking, our legislature responded to increased public awareness and media attention devoted to the stalking of an individual. The laudatory purpose is to prevent potential violence, and unnecessary and unjustified infliction of emotional distress. However, "[a] careful balance must be achieved for a statute addressing stalking to be effective. Stalking statutes must be defined as broadly as possible to maximize victim protection, but narrowly enough to prevent serious abuse." *State v. Saunders,* 886 P.2d 496, 497 (Okl. Crim.App.1994). The potential for abuse of the stalking provision of the Adult Abuse Act is great. And, the harm that can result is both real and significant, not the least of which will be the stigma that attaches by virtue of a person having been found to be a stalker. Moreover, such a finding could lead to criminal prosecution for violation of the criminal stalking statute, § 565.225. Thus, it is incumbent that the trial courts exercise great vigilance to prevent abuse of the stalking provisions in the Adult Abuse Act and in making sure that sufficient credible evidence exists to support all elements of the statute before entering a protective order.

The judgment is reversed and the cause is remanded to the trial court with instructions to vacate the full order of protection.

All concur.

Terri Gonder, Columbia, for appellant.

L.G. Copeland, Columbia, for respondent.

Before HOWARD, P.J., and BRECKENRIDGE, and SPINDEN, JJ.

PER CURIAM.

Floyd Marvin Chick appeals from a "judgment and decree of dissolution of marriage" entered on July 29, 1997, by The Honorable Sara J. Miller, commissioner of the circuit court. We dismiss the appeal for lack of jurisdiction. The Supreme Court recently decided, in *Slay v. Slay,* 965 S.W.2d 845 (Mo. banc 1998), that this court lacks jurisdiction to consider an appeal from the findings and recommendations of a family court commissioner which have not been signed by a judge. *See also State ex rel. York v.Daugherty,* 969 S.W.2d 223, (Mo. banc 1998). We find no record of a judgment entered by a person selected for office in accordance with, and authorized to exercise judicial power by, Article V of Missouri's constitution. Because no final, appealable judgment has been entered, we lack jurisdiction to consider the appeal pursuant to Rule 74.01.

**Cynthia Diane CHICK, Respondent,**

v.

**Floyd Marvin CHICK, Appellant.**

**No. WD 54839.**

Missouri Court of Appeals,
Western District.

June 23, 1998.

**Jesse Lee ROBINSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 55014.**

Missouri Court of Appeals,
Western District.

June 23, 1998.