In re Robert BURNES, a Minor.

Alice PHILLIPS, Appellant,

v.

Robert Allen BURNES and Barbara Burnes, Respondents.

No. 22113.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 21, 1998.

Mark D. Pfeiffer, Sapp, Orr, Bley & Pfeiffer, P.C., Columbia, Charles B. Cowherd, Farrington & Curtis, Springfield, for Appellant.

M. Douglas Harpool, Penni R. Adams, Daniel, Clampett, Powell & Cunningham, L.L.C., Springfield, for Respondents Robert Allen Burnes and Barbara Burnes.

CROW, Judge.

This action began November 14, 1994, when Alice Phillips ("Alice")[1] filed a petition in the Probate Division of the Circuit Court of Greene County to be appointed guardian of Robert A. Burnes ("Robbie"), born November 23, 1990.

Alice is Robbie's maternal grandmother. Robbie's mother (Alice's daughter) was deceased at the time Alice filed her petition.

The Probate Division immediately assigned the proceeding to "the Family Court of Greene County."[2]

On November 17, 1994, Alan Burnes ("Alan"), identifying himself as "natural father" of Robbie, filed a petition to be appointed Robbie's guardian.

On December 15, 1994, Robert Allen Burnes and Barbara Burnes ("the Burneses"), identifying themselves as "natural paternal grandparents" of Robbie, filed a petition averring that Alice was unfit to be Robbie's guardian. The Burneses' petition prayed that if the court found Alan unfit to be Robbie's guardian,[3] the court appoint the Burneses as guardians.

On January 5, 1995, a guardian ad litem was appointed for Robbie. Thereafter, other procedural events occurred that need not be chronicled here.

---

1. For brevity and clarity, this opinion refers to the individuals mentioned in it by the forename, surname or nickname specified individually for each. No disrespect is intended.

2. Sections 1 through 14 of H.B. No. 346, Laws of Missouri 1993, pp. 1204–10, now codified as chapter 487, RSMo 1994, created in the circuit courts of certain judicial circuits a division designated as the family court. Judicial Circuit 31 (Greene County) is one of those circuits. § 487.010.1(6). The Probate Division's assignment of the instant proceeding to the Family Court was evidently made pursuant to § 487.090.4, which states: "The judge of the probate division may transfer a guardianship proceeding wherein a guardian of a minor is requested ... to the family court." *See: McCoy v. Rivera*, 926 S.W.2d 78, 81 n. 2 (Mo.App. W.D. 1996).

3. Alice's petition alleged Alan was unfit to be Robbie's guardian.

Ultimately, the adversaries presented evidence to Commissioner Scott B. Tinsley of the Family Court of Greene County. Following a long and bitterly contested trial, Commissioner Tinsley ("the Commissioner") signed and filed a 13–page document designated "Findings, Recommendations and Order Appointing Guardians of Minor" ("the Commissioner's Order"). The Commissioner's Order contained nine pages of comprehensive and articulate findings and conclusions, including a determination that Alan was unfit to be Robbie's guardian and that it was in Robbie's best interest that the Burneses be appointed guardians.

The Commissioner's Order then set forth a recommended judgment appointing the Burneses as Robbie's guardians and granting Alice extensive visitation and physical custody of Robbie for specifically designated periods.

On December 18, 1997, Alice filed a "Motion for Rehearing" in the "Family Division," assailing the Commissioner's Order.[4]

The next significant event shown by the record is a notation in the "Minute Entries" of the Probate Division stating:

"01–20–98  PTNR'S MOTION FOR RE-HEARING  OVERRULED.  COPY  OF DOCKET  ENTRY  TO  ATTOR-NEYS/JUDGE MOUNTJOY FAM/CT[.]"

Alice commenced this appeal by filing a notice of appeal January 22, 1998. The notice identified the date of judgment as December 10, 1997 (the date the Commissioner's Order was filed).

While this appeal was pending, this court, *sua sponte*, issued an order noting that the Commissioner's Order was not denominated a "judgment" or "decree," hence it may not meet the requirements for a judgment in Rule 74.01(a)[5] and may thus be unappealable. This court's order further noted that inasmuch as the Commissioner's Order was not signed by a judge of the Circuit Court of Greene County,[6] it may be unappealable for that reason. This court's order granted the parties time to file written suggestions addressing those concerns.

Within the time allowed, Alice filed suggestions endeavoring to demonstrate the Commissioner's Order is appealable.[7] Alice's suggestions, though fervent, are unpersuasive.

In *Slay v. Slay*, 965 S.W.2d 845 (Mo. banc 1998), a party appealed from a document entitled "JUDGMENT/ORDER" signed by a commissioner of the Circuit Court of St. Louis County. *Id.* The Supreme Court of Missouri held the document unappealable, explaining that because it was "not signed by a person selected for office in accordance with and authorized to exercise judicial power by article V of the state constitution, no final appealable judgment has been entered, and this Court is without jurisdiction." *Id.*

Endeavoring to escape the holding in *Slay*, Alice seizes upon language in a concurring opinion in *Slay*. However, because only two other judges agreed with the concurring opinion, it is not authoritative precedent. *Cf. Musgraves v. National Dairy Products Corp.*, 400 S.W.2d 93, 96[2] (Mo.1966).

If *Slay* be the most recent controlling decision of the Supreme Court of Missouri, it compels this court to dismiss this appeal, as this court is constitutionally bound to follow

---

4.  Alice's motion was filed pursuant to § 487.030, RSMo Cum.Supp.1996, which reads, in pertinent part:

  "1. ... In cases which are not IV–D cases [as defined in § 452.345], findings and recommendations of the commissioner shall become the judgment of the court when entered by the commissioner. . . .
  2.  The parties to a cause of action heard by a commissioner are entitled to file with the court a motion for a hearing by a judge of the family court. . . .  The judge ... in his discretion, may either sustain or deny the motion, and if the motion is sustained, the judge shall set a date for a hearing. . . . "

5.  References to rules are to Missouri Rules of Civil Procedure (1998).

6.  The name "JUDGE MOUNTJOY" in the entry of "01–20–98," like the rest of the entry, is typewritten.

7.  The Burneses filed a brief responding to the claims of error in Alice's brief, but filed no suggestions regarding the appealability issue. Alan did not appeal and has filed nothing in this court.

the most recent controlling decision of the Supreme Court. Mo. Const., Art. V, § 2 (1945); *Stephens v. Brenton,* 920 S.W.2d 109, 111[2] (Mo.App. S.D.1996).

Three months after *Slay,* the Supreme Court of Missouri decided *State ex rel. York v. Daugherty,* 969 S.W.2d 223 (Mo. banc 1998). There, a commissioner of the Family Court of Jackson County signed a purported judgment dissolving a marriage June 10, 1996. *Id.* at 224. On April 9, 1998, in reaction to *Slay,* a judge of the Family Court of Jackson County entered a judgment confirming and adopting the purported judgment entered 22 months earlier by the commissioner. *Id.* Arguably, the effect of the judge's action was that the parties' dissolution became effective April 9, 1998, instead of June 10, 1996. *Id.* The parties to the dissolution sought a writ in the Supreme Court of Missouri compelling the judge to set aside the judgment of April 9, 1998. *Id.*

The Supreme Court held the rights of the parties "were concluded by the June 10, 1996, 'judgment' of the commissioner." *Id.* The rationale of *York,* as this court comprehends it, is that if, prior to *Slay,* (a) no party challenged the validity of a commissioner's "judgment" on constitutional grounds at a hearing per § 487.030,[8] and (b) all parties assumed the benefits and burdens of the "judgment," all parties are estopped from thereafter challenging its validity. *Id.* at 225[6]. *York* declares:

> "By granting limited *past* efficacy to the purported judgments of commissioners, we are not compelled to sanction *future* unconstitutional practices by commissioners. Presumably, circuit judges stopped permitting commissioners to enter unconstitutional 'judgments' after this Court's mandate was issued in *Slay.* After this Court concludes that a statute is unconstitutional, parties can no longer reasonably rely on the statute as a basis for continued entry of void judgments."

*Id.* at 225.

Alice, emphasizing the Commissioner's Order was entered prior to *Slay,* argues that because no party challenged its validity at a hearing authorized by § 487.030, this court

must treat the Commissioner's Order as if it had been entered by "an Article V judge."

A week after *York,* the Western District of this court decided *Chick v. Chick,* 969 S.W.2d 387 (Mo.App. W.D.1998). There, a commissioner of the Circuit Court of Boone County signed a purported judgment of dissolution of marriage July 29, 1997. The Western District, noting the holdings in *Slay* and *York,* held it lacked jurisdiction to consider an appeal from the purported judgment. *Id.* The Western District dismissed the appeal. *Id.*

An attentive reader will note that in *Chick,* as in the instant case, the commissioner's purported judgment was entered before *Slay.*

Having assiduously studied *Slay* and *York,* this court concludes *Slay* is controlling. There, as here, a party appealed from a commissioner's purported judgment. *Slay* flatly held the purported judgment unappealable. Unlike *York,* this court is not confronted here by a situation where a commissioner's purported judgment was accepted by all parties as the final resolution of the dispute. Alice, in this appeal, seeks to overturn the Commissioner's Order. Accordingly, this court is unconvinced that the waiver and estoppel rationale of *York* fits the circumstances here.

Having concluded that *Slay,* not *York,* is the most recent controlling decision of the Supreme Court of Missouri on the appealability issue presented by this appeal, this court is constrained to dismiss the appeal. That ruling makes it unnecessary to determine whether the Commissioner's Order satisfies the requirements of Rule 74.01(a).

Appeal dismissed.

PREWITT, P.J., and PARRISH, J., concur.

---

**8.** Footnote 4, *supra.*