**In re the Marriage of Toby Ruth SLAY, Appellant,**

**v.**

**Alan Lee SLAY, Respondent.**

**In re the Marriage of Janet Elaine GRAY, n/k/a Janet Elaine Graham, Appellant,**

**v.**

**Walter GRAY, Jr., Respondent.**

**Phyllis Ann BELL, Respondent,**

**v.**

**David Leslie BELL, Appellant.**

**Nos. 80405 to 80407.**

Supreme Court of Missouri, En Banc.

March 24, 1998.

Nancy S. Everett, Clayton, for Appellant in No. 90405.

Susan M. Hais, Clayton, for Appellant in No. 80406.

Paul J. Vaporean, Jack J. Cavanagh, Jr., Clayton, for Appellant in No. 80407.

Richard B. Hein, Albert S. Watkins, St. Louis, for Respondent in No. 80405.

Bruce F. Hilton, Lawrence G. Gillespie, Kirkwood, for Respondent in No. 80406.

Phyllis Bell, St. Louis, Aaron S. Dubin, Vines, Frankel, Rubin, Bond & Dubin, P.C., Clayton, for Respondent in No. 80407.

PER CURIAM.

In *Slay*, No. 80405, and *Gray*, No. 80406, a document entitled "JUDGMENT/ORDER" was filed. In *Bell*, No. 80407, a document entitled "JUDGMENT/DECREE OF DISSOLUTION" was filed. Each document is signed by "M. Zane Yates, Commissioner." In each case, a party appeals the "judgment" entered. Appeals dismissed.

Article V, section 1 of the state constitution vests the judicial power of this state in this Court, the court of appeals, and the circuit courts. These courts are composed of judges. *Mo. Const. art. V, sections 2, 13, 15, and 16*. Although the documents filed in these cases are denominated "judgment," they are not signed by a judge. Because the documents are not signed by a person selected for office in accordance with and authorized to exercise judicial power by article V of the state constitution, no final appealable judgment has been entered, and this Court is without jurisdiction.

The appeals are dismissed.

LIMBAUGH, ROBERTSON, COVINGTON and WHITE, JJ., concur.

HOLSTEIN, J., concurs in result in separate opinion filed.

BENTON, C.J., and PRICE, J., concur in opinion of HOLSTEIN, J.

HOLSTEIN, Judge, concurring in result.

The per curiam succinctly addresses the basic question: does this Court or any appellate court have jurisdiction of an appeal from a purported judgment signed by a commissioner pursuant to sec. 487.030, RSMo Supp. 1997? The obvious answer correctly supplied in the per curiam is no, because a judgment must be entered by a judge as defined in Missouri Constitution, article V. The unsettling question not addressed is whether findings and recommendations signed only by commissioners pursuant to sec. 487.030 are void and of no effect on jurisdictional grounds because no person authorized to act as a judge under Missouri Constitution, article V, signed or assented to the entry.

Section 487.030, RSMo Supp.1997 provides, in relevant part:

1.... In cases which are not IV–D cases, findings and recommendations of the commissioner shall become the judgment of the court when entered by the commissioner.... Notice of the findings of the commissioner, together with a statement relative to the right to file a motion for rehearing, shall be given to the parties whose case has been heard by the commissioner....

2. The parties to a cause of action heard by a commissioner are entitled to file with the court a motion for hearing by a judge of the family court either within fifteen days after receiving notice of the findings of the commissioner at the hearing, or within fifteen days after other service directed by the court.

Appellants assert that this statute makes a commissioner a de facto judge with jurisdiction to act as a judge. Generally speaking, jurisdiction over the subject matter and the litigants belongs to the court, not to the person acting as judge. Thus, it has been held that one not having authority to act as a judge of a particular court but who acted under color of authority of an improper appointment without objections by the parties is a de facto judge. *Brinkerhoff–Faris Trust & Savings Co. v. Gaskill*, 356 Mo. 61, 201 S.W.2d 274, 277 (1947). The decrees and judgments of a de facto judge, if not objected to in a proper manner, are valid and not subject to collateral attack. Id.

Applying those principles to this case, Commissioner Yates was not a de facto judge. The commissioner was sitting in the place of a judge and performing some responsibilities of a judge, including entry of "recommendations and findings." He was acting under color of authority granted pursuant to a lawful appointment as a commissioner and a presumptively constitutional statute. *Sec. 487.030.* However, the statutory "color of authority" of a commissioner does not extend to entry of a final judgment that is subject to appellate review. Rather, the statutory authority of a commissioner only extends to entry of "findings and recommendations" that are subject to review by a judge of the family court. *Sec. 487.030.2.* In addition, the commissioner was not acting under a mistaken appointment as a judge.

Within our constitutional framework, a "judgment of the court" necessarily involves the assent of a judge. Thus, the sentence in sec. 487.030.1 purporting to transmogrify the findings and recommendations of a commissioner into a "judgment of the court" is a nullity. However, the voidness of that sentence does not end the inquiry.

When part of a statute is unconstitutional, the remaining provisions are treated as valid unless the valid provisions are inseparably connected with, and so dependent on, the void provision that it cannot be presumed the legislature intended the valid provisions without the void one, or the valid provisions are incomplete and incapable of being executed. *Sec. 1.140.* The other provisions of sec. 487.030 are not inseparably connected to the offending sentence and the statute is complete and capable of being executed without the void provision.

Absent the statutory provision for review of a commissioner's decision by a judge of a trial court, a commissioner's "judgment" would almost certainly be unconstitutional and void.[1] However, section 487.030.2 gives a party a statutory right to seek timely review of the commissioner's decision by requesting a hearing by an article V judge, and failure to seek such review is a waiver of any further judicial review of the issues decided.

Numerous circumstances may be cited in which a party may be precluded from complaining about a nonjudicial decision by failing to assert the claim within the time and manner provided by statute. The doctrines of estoppel and waiver are no less applicable to findings of a family court commissioner than to the findings of an administrative agency of the state. Assuming the statutory notice is given, any party who fails to timely object to the commissioner's entry of his or her findings and recommendations in the manner provided by statute is bound as conclusively as if the findings and recommendations were those of a judge. I believe a commissioner's findings and recommendations are not void and are not subject to collateral attack.

The question of whether findings and recommendations entered by commissioners are void and inconclusive cries out for an answer. Hundreds, if not thousands of Missourians have for some time conveyed property, remarried, and otherwise relied on the relationships and obligations created or terminated by the findings of family court commissioners. Usually, judicial restraint demands that we not address issues that are unnecessary to decide the case. However, where the absence of an explanation in a case will destabilize the law, create hardship, and will almost certainly require the expense, inconvenience and time of many hundreds of litigants, not to mention the certainty of future appeals, the principle of restraint must give way to those of judicial economy and sound policy. For these reasons, I concur.

---

1. A plausible argument can be made that because no order has been signed by a judge assenting to the findings and recommendations of the commissioner, no judicial order of enforcement, such as contempt, execution or garnishment, may constitutionally issue till the findings are reduced to a judgment. That issue is not before the Court here and necessarily awaits another day.