In the Interest of J. H. and
M. H., Respondent,

David William KIERST, Jr., Juvenile
Officer, Respondent,

v.

P. O. (Natural Mother), Appellant.

Nos. WD 54312, WD 54313.

Missouri Court of Appeals,
Western District.

April 14, 1998.

---

Elizabeth F. Brown, Schleicher Latz, Kansas City, for appellant.

Ellen D. Jervis, Kansas City, for Guardian Ad Litem.

Mary K. O'Malley, Kansas City, for respondent.

Before EDWIN H. SMITH, P.J., and SMART and ELLIS, JJ.

ELLIS, Judge.

P.O. is the natural mother of M.H., a female child born on August 24, 1982, and J.H., a male child born on February 22, 1985. P.O. appeals from two "Judgments" of the Family Court Division of the Circuit Court of Jackson County which made the two minor children wards of the court and placed them in the custody of the Division of Family Services. The "Judgments" were signed by "John F. Payne, Commissioner." The appeals have been consolidated.

D.G. is the natural father of M.H. The identity of the natural father of J.H. is unknown.

P.O. had sole legal and physical custody of J.H. and M.H. until August, 1994. Because P.O. was experiencing financial hardship and did not have a suitable home for her children, she placed both of them with D.G. and his wife, P.G. The two children lived with D.G. and P.G. for just over two years, until November 7, 1996.

On November 6, 1996, the Division of Family Services received a hotline report that M.H. and J.H. were being physically abused by P.G. Specifically, on November 6, 1996, P.G. slapped J.H. in the face, beat him with a belt, and repeatedly kicked him after he had fallen to the floor. The Division of Family Services removed the children from the home on November 7, 1996. M.H. eventually told her counselor that D.G. had been sexually abusing her for some time. On January 15, 1997, the Juvenile Officer filed two amended petitions pursuant to § 211.031(1), RSMo 1994, alleging abuse by both D.G. and P.G. The petitions also maintained that P.O., the children's natural mother, placed them in the home "some three years ago," and that P.O. had only maintained minimal contact with the children. Both P.O. and D.G. stipulated that the Juvenile Officer could prove the allegations of the petition.

A hearing on the petitions was held before Family Court Commissioner John F. Payne. Both P.O. and D.G. testified. P.O. alleged she had tried to maintain contact with her children, but D.G. refused to let her see or talk to M.H. or J.H. Commissioner Payne issued findings of fact and an order in each case placing the children in the custody of the Division of Family Services. They further ordered DFS to submit a Permanency Plan that included termination of parental rights and adoption, and directed that neither D.G., his wife, nor P.O. have any further contact with the children. The various findings and orders in each case were contained in a document denominated "Judgment" and signed by "John F. Payne, Commissioner."

P.O. then filed a motion for rehearing in each case with the Circuit Court. The Honorable Jay A. Daugherty denied the motions. P.O. appealed, contending the Commissioner's order and findings were not supported by substantial evidence and exceeded the

scope of his authority. In light of the Supreme Court's recent holding in *Slay v. Slay,* 965 S.W.2d 845, (Mo. banc 1998), the appeal must be dismissed.

■ An appellate court does not have jurisdiction to consider an appeal from a circuit court commissioner's decision. *Slay v. Slay,* 965 S.W.2d 845, (Mo. banc 1998).

Article V, section 1 of the state constitution vests the judicial power of this state in this Court, the court of appeals, and the circuit courts. These courts are composed of judges. *Mo. Const. Art. V, sections 2, 13, 15, and 16.* Although the documents filed in these cases are denominated "judgment," they are not signed by a judge. Because the documents are not signed by a person selected for office in accordance with and authorized to exercise judicial power by article V of the state constitution, no final appealable judgment has been entered, and this Court is without jurisdiction.

*Slay v. Slay,* at 845. The quoted language is apropos to the case at bar. An Article V judge did not enter and sign judgments. The documents designated as "judgments" were signed by a Family Court commissioner. The position of Family Court commissioner is created by § 487.020, RSMo Supp. 1997. Such commissioners, however, are not authorized to exercise judicial power by Article V of the Missouri Constitution. Accordingly, no final appealable judgments have been entered herein, and we are, therefore, without jurisdiction.[1]

The appeals are dismissed.

All concur.

---

1. The denial of P.O.'s motions for rehearing by Judge Daugherty are not reviewable as a judgment because they were not designated as judgments. *Rule 74.01*; *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997). Moreover, even if they had been, it is doubtful they could be construed as a review and adoption of Commissioner Payne's decisions because they simply recite that P.O.'s motion for rehearing is denied.