**Michelle L. WRIGHT, Appellant,**

v.

**Stephen James WRIGHT, Respondent.**

No. WD 53963.

Missouri Court of Appeals,
Western District.

April 21, 1998.

Rehearing Overruled June 2, 1998.

As Modified June 2, 1998.

Gabriel A. Domjan, Independence, for Appellant.

Les D. Wight, Independence, for Respondent.

Before EDWIN H. SMITH, P.J., and SMART and ELLIS, JJ.

EDWIN H. SMITH, Presiding Judge.

Michelle L. Wright appeals from the "judgment" dissolving her marriage to Stephen James Wright, the respondent, which was entered by the Honorable Sherrill L. Rosen, Family Law Commissioner for the Circuit Court of Jackson County, Family Court Division. Pursuant to § 487.030,[1] Commissioner Rosen entered her findings and recommendations which became the judgment of the court after fifteen days had passed without either party requesting a hearing by a judge of the family court.

Appellant raises two points on appeal. In both points, she claims that the Commissioner erred in her division of the parties' marital

1. All statutory references are to RSMo Supp. 1997, unless otherwise indicated.

property, pursuant to § 452.330, RSMo 1994, because it was not fair and equitable.

We dismiss her appeal.

### Facts

On November 14, 1995, the appellant filed in the Circuit Court of Jackson County, Family Court Division, a petition to dissolve the parties' marriage. The appellant and the respondent were married on June 4, 1992, and separated on November 10, 1995.

The petition was heard by Commissioner Rosen on November 5, 1996, and December 6, 1996. The parties had already stipulated as to the care, custody and control of their minor child. The only real contested issue before the Commissioner was the division of the parties' marital property and the allocation of their debts.

After hearing evidence, the Commissioner entered her "Judgment Entry and Decree of Dissolution of Marriage" dissolving the marriage; awarding care, custody, and control of their minor child; and, dividing the parties' marital property and allocating their debts. The parties were notified that the findings and recommendations of the Commissioner would become the final judgment of the circuit court if the parties did not request a hearing by a judge of the family court within fifteen days. The record presented to this court does not reflect whether either party filed such a motion. Accordingly, pursuant to § 487.030, Commissioner Rosen's findings and recommendations became the judgment of the court.

This appeal follows.

### I.

In both points, the appellant claims that the Commissioner erred in her division of the parties' marital property, pursuant to § 452.330, RSMo 1994, because it was not fair and equitable. However, before we can address the merits of the appellant's claims, we are first required to determine, *sua sponte*, whether we have jurisdiction to hear this appeal. *Peters v. United Consumers Club*, 786 S.W.2d 192, 193 (Mo.App.1990).

As stated, *supra*, the "judgment" which was entered here was done pursuant to § 487.030. Section 487.030.2 provides, in pertinent part, as follows:

The parties to a cause of action heard by a commissioner are entitled to file with the court a motion for hearing by a judge of the family court either within fifteen days after receiving notice of the findings of the commissioner at the hearing, or within fifteen days after the other service directed by the court.

Recently, the Supreme Court of Missouri examined § 487.030.2 to determine whether a judgment entered pursuant to it is a valid or void judgment. *Slay v. Slay*, 965 S.W.2d 845, 845 (Mo. banc 1998). The court held that, based on Article V of the Missouri Constitution, which vests the judicial power of this state in the Supreme Court of Missouri, the court of appeals, and the circuit courts, which are composed of judges, not commissioners, a "judgment" resulting from inaction as to a commissioner's findings and recommendations, pursuant to § 487.030, is void. *Slay*, at 845 (citing Mo. Const. of 1945, art. V, §§ 2, 13, 15, and 16).

Although Commissioner Rosen's findings and recommendations were denominated as a "judgment," it was not signed by a judge. "Because the document[ ][was] not signed by a person selected for office in accordance with and authorized to exercise judicial power by article V of the state constitution, no final appealable judgment [was] entered...." *Slay*, at 845.

Section 512.020, RSMo 1994, states that "[a]ny party to a suit aggrieved by any *judgment* of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction...." (Emphasis added.) Without a final judgment, this court lacks jurisdiction and the appeal must be dismissed. *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995).

### Conclusion

The appeal is dismissed for lack of appellate jurisdiction.

All concur.