Robert L. KECK, Jr., Appellant,

v.

Patricia A. KECK, Respondent.

No. 73344.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 19, 1998.

Charles M.M. Shepherd, Gregory M. Gantz, Shepherd, Lake & Taylor, L.L.P., Clayton, for appellant.

Stephen R. Fleddermann, St. Charles, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Following denial of his motion for a hearing by a judge, Robert L. Keck, Jr., Father, appeals from the decision issued October 17, 1996, by the St. Charles County Family Court Commissioner. Appeal dismissed.

Initially, Father appealed to the Missouri Supreme Court raising constitutional challenges to Chapter 487 RSMo. On October 24, 1997, the Supreme Court issued its order "finding the constitutional challenge was not timely raised in the court below," and "[t]hus the issues relating to the validity of the challenged statutes have not been preserved." The Supreme Court transferred the case to this court.

After the Supreme Court transferred the cause to this court, the Supreme Court handed down *Slay v. Slay*, 965 S.W.2d 845 (Mo. banc.1998), holding that a decision by a Family Court Commissioner could not be appealed because it was not signed by a person selected for office under Article V of the Missouri Constitution.

We dismiss the appeal. On October 17, 1996, the Family Court Commissioner signed a document called Findings and Recommendations for Judgment and Decree of Dissolution. Following the commissioner's decision, Father moved for a hearing before a judge. His request was denied. This court lacks jurisdiction to review a decision issued by a commissioner, unless the decision has been adopted by a judge of the circuit court who was selected pursuant to Article V of the Missouri Constitution. *Slay v. Slay*, 965 S.W.2d 845 (Mo.banc.1998). A commissioner is not authorized to exercise judicial power by Article V of the Missouri Constitution. *Id.*

■ In this case the decision issued by the commissioner was not adopted by a judge of the circuit court. Thus, we lack jurisdiction to review this appeal pursuant to *Slay*. Moreover, even if the denial of Father's motion for hearing by a circuit judge could be construed as an adoption of the commissioner's decision, it would not be reviewable as a judgment because the circuit judge did not denominate it as a judgment. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997). Accordingly, Father's appeal is dismissed.

SIMON and HOFF, JJ., concur.