**In re Michael Eugene HANES and Cathy Ann Hanes, Debtors.**

**No. 98–60936.**

United States Bankruptcy Court, W.D. Missouri.

April 5, 2000.

Robert V. Groce, Springfield, for Debtors.

Don L. Cowan, Kansas City, for Missouri Division of Child Support.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

Chapter 13 debtors Michael and Cathy Hanes objected to the allowance of a proof of claim filed by creditor Deborah King (f/k/a Deborah Hanes) in the amount of $6000.00. The Missouri Division of Child Support Enforcement (MDCSE) filed a response. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, Hanes' objection to the claim of Deborah King will be overruled.

## FACTUAL BACKGROUND

The marriage of Michael Hanes and Deborah King was dissolved on April 25, 1990. Hanes was ordered to pay King $100.00 a month as child support for their daughter. It is undisputed that Hanes has made all of his child support payments based upon the dissolution decree. At some later time, the MDCSE, on behalf of King, filed an administrative motion to modify the original child support order.[1] On October 5, 1995, following an administrative modification proceeding, the dissolution decree was modified by the Division of Child Support Enforcement of the Missouri Department of Social Services.[2] Pursuant to the Modification Decision and Order, Hanes was ordered to increase his child support payments to $250.00 a month.[3] The Modification Decision and Order specifically provided that the increased amount would be due beginning on October 25, 1995. Hanes has not paid any of the $150.00 a month increase in payments pursuant to the Modification Decision and Order. Hanes petitioned for judicial review of the administrative order. On December 4, 1996, the Honorable Thomas E. Mountjoy, Circuit Judge, Division IV, entered the following Order in response to Hanes' petition for judicial review:

Upon review of the administrative record and consideration of the documents filed as well as oral arguments by both Petitioner and Respondent, and for good cause shown;

It is, HEREBY ORDERED that the Decision and Order of the Director of the Division of Child Support Enforcement is *AFFIRMED* in all aspects.[4]

On May 26, 1998, Michael and Cathy Hanes filed this Chapter 13 bankruptcy petition. On March 18, 1999, the MDCSE filed a proof of claim on behalf of King for past due child support in the amount of $6000.00. Hanes objected to the claim, arguing that Judge Mountjoy's Order is unenforceable because the Circuit Court of Greene County, Missouri (the Circuit Court) did not approve the administrative order in the manner required by section 454.496.6 of the Revised Statutes of Missouri. Hanes further argued that the claim is unenforceable because the Circuit

---

1. Doc. # 25 (Response to Objection to Claim of Deborah (Hanes) King), Ex. 2 (Modification Decision and Order).

2. *Id.*

3. *Id.*

4. *Id.* at Ex. 1.

Court did not designate its Order as a final "judgment," thus, the Order was not appealable. I note that Hanes does not assert, however, that he either tried to appeal Judge Mountjoy's Order in a timely manner or that his attempted appeal was denied.[5]

The MDCSE claimed that the Order of December 4, 1996, conformed to the statutory requirements, and, in any event, Hanes failed to challenge the validity of the Order, therefore, he is estopped from raising a challenge to the Order at this time.

On June 18, 1999, this Court held a hearing on that issue, and I found that in Missouri an Order must be denominated either a judgment or a decree in writing and signed by the judge in order to be appealable. I also found that the word "judgment" did not appear in the Order entered by the Circuit Court of Greene County, Missouri. I, thus, found that the Order was not final and appealable. But, as stated in the Memorandum Opinion entered by this Court on June 25, 1999,[6] I held that Judge Mountjoy retained jurisdiction over the matter until such time as he entered a judgment from which Hanes could appeal, and that King did not have an enforceable claim until that judgment was entered. I further found that because Judge Mountjoy had retained jurisdiction, he could issue an appealable judgment at any time. On September 15, 1999, the

MDCSE filed a motion for relief from the automatic stay in order to petition the Circuit Court to denominate the judgment of December 4, 1996, as an appealable judgment.[7] Hanes filed no response to the motion, and on October 8, 1999, this Court entered its Order Granting Relief From Stay.[8] On January 12, 2000, Judge Mountjoy entered a Judgment of Compliance in response to MDCSE's petition. The Judgment of Compliance provides in its entirety as follows:

NOW ON THIS 12 day of January, 2000, the Court takes up for determination the Motion to Enter Judgment Approving Administrative Modification of a Judicial Order filed by the Missouri Division of Child Support Enforcement. Being fully and duly advised in the premises, the Court finds that the Division's Motion to Modify and [sic] administrative order comply [sic] with Rule 88.01 as they [sic] relate to child support and further that they [sic] comply with Section 454.603 RSMo. As they relate to medical insurance.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that with respect to the minor child, Teresa Gayle Hanes, born August 31, 1981, Social Security Number, 491–96–8818, that the administrative order entered by the Director of the Missouri Division of Child Support Enforcement on or about the 29th day of September, 1995, complies with the provisions of Supreme

---

5. I am aware of a recent decision in the Circuit Court of Johnson County, Missouri, issued by the Honorable Joseph P. Dandurand, holding that sections 452.370(8), 454.400(2)(13), and 454.498 of Missouri's Revised Statutes are unconstitutional and inconsistent with other State of Missouri laws regarding child support amount and determination. *Bradley v. Director, Division of Child Support Enforcement,* Case No. CV494–154DR (March 23, 2000). Judge Dandurand, however, issued this opinion after a timely request for judicial review of an administrative order. Based upon his findings of fact and conclusions of law, Judge Dandurand set the matter for trial de novo. In the case at hand, Judge Mountjoy found that the MDCSE presented evidence that would sup-

port an increase in child support, and Hanes never appealed the substance of that finding. Even if the Missouri Supreme Court eventually adopts Judge Dandurand's opinion and finds the above sections unconstitutional, there is no indication that such a finding will retroactively overrule the sections. Moreover, there is no indication in Judge Dandurand's opinion that he would have held as he did had Mr. Bradley failed to petition for judicial review.

6. Doc. # 28.

7. Doc. # 42.

8. Doc. # 46.

Court Rule 88.01 and Section 454.603 RSMo. and this Court approves said administrative order.[9]

After the MDCSE filed the Judgment of Compliance with this Court, the Chapter 13 trustee filed a motion and order to allow the claim of King unless someone objected thereto within 20 days. Hanes did not appeal the Judgment of Compliance in the Circuit Court. Instead, he filed an objection to King's claim in this Court. On March 17, 2000, this Court held its second hearing on the objection to this claim. Hanes now argues that the modified child support order only became effective on the date the Judgment of Compliance was entered, therefore, it is no longer enforceable against him, as his daughter is now 18 years old.

The MDCSE argues that the Judgment of Compliance approved the Modification Decision and Order in its totality, including its effective date of October 25, 1995.

## DISCUSSION

◼ Hanes relies exclusively on the language in the version of section 454.496.6 of Missouri's Revised Statutes that was in effect on the date the administrative order was entered. That version provides that an administrative order modifying a child support order is not effective until it is approved by the same court that entered the child support order:

Notwithstanding the provisions of section 454.490, an administrative order modifying a court order is not effective until the administrative order is filed with and approved by the court that entered the court order.... The court shall determine if the administrative order complies with the provisions of su-

preme court rule 88.01. If it so determines, the court shall make a written finding on the record that the order complies with the provisions of supreme court rule 88.01 and approve the order.[10]

Hanes' reliance is misplaced. The Missouri Supreme Court addressed the issue of the effective date of an administrative order in a somewhat similar situation in *State ex rel. York v. Daugherty.*[11] In *York* a family court commissioner purportedly dissolved the former spouses' marriage on June 10, 1996.[12] Almost two years later the Missouri Supreme Court held in *Slay v. Slay,*[13] that documents signed only by a family court commissioner were not final appealable judgments because they were not signed by a person authorized to exercise judicial power by the Missouri Constitution.[14] The court in *Slay,* therefore, held that the Missouri statute authorizing commissioners to enter such judgments was unconstitutional.[15] In a concurring opinion, however, the Honorable John C. Holstein wrote that the commissioner's unconstitutional exercise of authority was void because there was no statutory provision for review.[16] If, however, the statute had provided a statutory right for judicial review, and a party failed to seek such a review, then such failure would waive further review at a later date of the issues decided.[17]

◼ In response to the *Slay* decision, the Honorable Jay A. Daugherty, a circuit judge who serves as the administrative law judge of the family court division of the Jackson County Circuit Court, began entering "final judgments" in dissolutions previously decided by family court commissioners.[18] As a result, the effective

---

9. Doc. # 48.

10. Mo. Stat. Ann. § 454.496.6 (1997).

11. 969 S.W.2d 223 (Mo.1998) (en banc).

12. *Id.* at 224.

13. 965 S.W.2d 845 (Mo.1998) (en banc).

14. *Id.*

15. *Id.*

16. *Id.* at 846 (Holstein, J., concurring).

17. *Id.* at 847.

18. *York,* 969 S.W.2d at 224.

date of the dissolution of the York's marriage, which they believed had been dissolved on June 10, 1996, was April 9, 1998.[19] On April 27, 1998, the Missouri Supreme Court then entered a substitute preliminary order in prohibition and/or mandamus ordering Judge Daugherty to set aside the judgment of April 9, 1998, and staying all actions in the case until further order of the Court.[20] Relying on the complementary doctrines of waiver and estoppel, the Supreme Court found that the rights of the parties to this dissolution were fully resolved by the family court commissioner.[21] The Missouri Supreme Court, thereby, adopted Judge Holstein's concurring opinion in *Slay*. In other words, constitutional or jurisdictional challenges are waived if not raised at the earliest possible opportunity.[22] As the Supreme Court held in *York*, even if the legislature enacts a flawed statute, or the courts misapply the statute, "[o]ne who fails to timely take advantage of [the mechanism of judicial review] has waived any objection to the commissioner's authority."[23] The analysis in *York* is, likewise, applicable here. Hanes did not appeal either Judge Mountjoy's Order of December 4, 1996, or the Judgment of Compliance of January 12, 2000, both of which approved the administrative order entered September 29, 1995. He has had two occasions to challenge, in a Missouri state court, the authority of the family court commissioner to modify the child support he was ordered to pay. On both occasions he has chosen to waive that right. The Missouri Supreme Court has spoken very clearly on this issue:

> Nothing prohibits a circuit judge from entering judgment consistent with the commissioner's decision.... While such retroactive, renewed, or corrected judg-

ment may be appealable, claims regarding the commissioner's decision that could have been, but were not, raised in a timely fashion before a circuit judge would be deemed waived.[24]

Despite the procedural flaws in Judge Mountjoy's Order of December 4, 1996, Hanes needed to claim his rights to have that procedural flaw corrected at the time in order to appeal Judge Mountjoy's decision. Alternatively, Hanes needed to appeal the Judgment of Compliance entered January 12, 2000. By electing to do neither, he has waived his right to challenge the administrative order modifying his child support payments. I find, therefore, that he is bound by the Judgment of Compliance that approved the administrative order, including its effective date of October 25, 1995.

In accordance with this Memorandum Opinion, an Order overruling Hanes' objection to the claim of Deborah King will be entered this date.

**19.** *Id.*

**20.** *Id.*

**21.** *Id.*

**22.** *Id.* at 224–25 (citing *Adams v. Children's Mercy Hospital*, 832 S.W.2d 898, 907 (Mo.

1992) (en banc) and *Tremayne v. City of St. Louis*, 320 Mo. 120, 6 S.W.2d 935, 936 (1928)).

**23.** *Id.* at 225.

**24.** *Id.* at 226.