

# In the
# Missouri Court of Appeals
## Western District

IN THE INTEREST OF: J.J.G., JR.,     )
    )
       Appellant,     )
    )     **WD87140**
    v.     )     **OPINION FILED:**
    )     **JULY 8, 2025**
JUVENILE OFFICER,     )
    )
       Respondent.     )

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Jennifer M. Phillips, Judge**

**Before Division Four: Anthony Rex Gabbert, Chief Judge, Presiding, Karen King Mitchell, Judge, Janet Sutton, Judge**

J.J.G. appeals the judgment of the Jackson County Circuit Court finding he is in need of care and treatment under Chapter 211 of the Revised Statutes if Missouri. In his sole point on appeal, J.J.G. argues the court clearly erred and abused its discretion because the judge who entered the judgment did not have any evidence presented to her. The judgment is affirmed.

## Facts

In June 2023, the Juvenile Officer filed a petition in the Jackson County Circuit Court alleging J.J.G. is in need of care and treatment. The petition alleged three counts that occurred before J.J.G.'s fourteenth birthday. Count I alleged that J.J.G. had deviate sexual intercourse with a person less than twelve years old by inserting his penis into the

victim's mouth in violation of section 566.062[1] (statutory sodomy in the first degree).

Count II alleged that J.J.G. had deviate sexual intercourse with a person less than twelve

years old by inserting his penis into the victim's anus in violation of section 566.062

(statutory sodomy in the first degree).  Count III alleged that J.J.G. subjected a person

less than twelve years old to sexual contact by touching his penis to the victim's back in

violation of section 566.068 (child molestation in the second degree).

The case was assigned to a commissioner ("Commissioner").  Commissioner held

a hearing on the petition in January 2024.  Four witnesses testified, and Commissioner

received three exhibits.  Commissioner entered an order upon adjudication hearing in

February 2024.  The order stated in relevant part:

> The Court DENIES the Juvenile's Motion to for [*sic*] a judgement [*sic*] of
> acquittal at the close of the Juvenile Officer's evidence.
>
> The Court DENIES the Juvenile's Motion for Acquittal at the close of all
> evidence.
>
> The Court having observed the demeanor of the witnesses, evaluated
> credibility, and resolved any conflicts or inconsistencies in testimony and
> evidence, finds that the evidence adduced sustains the allegations in Counts
> 1, 2 and 3 beyond a reasonable doubt.  Therefore the Petition is hereby
> ***SUSTAINED***.

The order was signed by Commissioner.

Commissioner held a disposition hearing in April 2024.  The deputy juvenile

officer testified and a victim impact statement was read.  Commissioner announced she

---

[1] Statutory citations refer to the 2016 edition of the Revised Statutes of Missouri, updated by the 2024 Cumulative Supplement.

would follow the recommendation of the deputy juvenile officer to impose a suspended residential commitment and place J.J.G. on probation.

Commissioner reduced her findings and recommendations to writing, which she signed, on April 15, 2024. That document stated in relevant part:

**Notice of Findings and Recommendation &**
**Notice of Right to Rehearing**

The parties are notified that the foregoing Findings and Recommendations have been entered this date by a commissioner, and all papers relative to the case or proceeding, together with the Findings and Recommendation have been transferred to a Judge of the Court. The Findings and Recommendations shall become the Judgment of the Court upon adoption by order of the Judge. Unless waived by the parties in writing, a party to the case or proceeding heard by a commissioner, within fifteen days after the mailing of notice of the filing of the Judgment of the Court, may file a motion for rehearing by a Judge of the Court. If the motion for rehearing is not ruled on within forty-five days after the motion is filed, the motion is overruled for all purposes. Rule 130.13.

A judgment adopting the findings and recommendations was entered the next day by a Jackson County Circuit Court Judge.

This appeal follows.

**Standard of Review**

"We review juvenile proceedings in the same manner as other court-tried cases." *Z.G. v. Juv. Officer*, 702 S.W.3d 262, 268 (Mo. App. W.D. 2024) (internal quotation marks omitted). "Accordingly, we will affirm a judgment in a juvenile proceeding unless it is not supported by evidence, is against the weight of evidence or erroneously declares or applies the law." *Id*. (internal quotation marks omitted). "We review questions of law *de novo*." *Interest of A.J.C.*, 698 S.W.3d 444, 447 (Mo. App. W.D. 2024).

3

**Analysis**

In his sole point on appeal, J.J.G. argues that the Jackson County Circuit Judge who entered judgment lacked authority because evidence was presented to a commissioner instead of a circuit court judge. He claims that, in his case, no person authorized to exercise the judicial power of the State of Missouri received evidence or determined the allegations in the petition beyond a reasonable doubt. Instead of a circuit judge, it was a commissioner who held the adjudication and disposition hearings, heard testimony, reviewed exhibits, and found that the evidence sustained the allegations in the petition. J.J.G. states that the commissioner could not exercise the judicial power of the State of Missouri.

In *Slay v. Slay,* 965 S.W.2d 845 (Mo. banc 1998), the Missouri Supreme Court held that documents signed by a commissioner do not constitute final appealable judgments because they "are not signed by a person selected for office in accordance with and authorized to exercise judicial power by article V of the state constitution." A few months after the *Slay* decision, the Missouri Supreme Court held in *State ex rel. York v. Daugherty,* 969 S.W.2d 223, 225 (Mo. banc 1998), that any party who fails to challenge the commissioner's "judgment" waives the right to object to that "judgment" and any party who assumes the benefits or burdens of the "judgment" is estopped from attacking it. Thus, as to any such party "the commissioner's findings and recommendations are as conclusive as if entered as the judgment of an article V judge." *Id.*

Missouri Supreme Court Rule 130 became effective on January 1, 2010. It pertains to family court division commissioners. Rule 130 "is promulgated pursuant to the authority granted this Court by article V, section 5 of the Constitution of Missouri and supersedes all statutes and existing court rules inconsistent therewith." Rule 130.02.

> The functions and powers of the commissioner shall be to hear and make findings and recommendations in cases or proceedings assigned to the commissioner by general or special order of the administrative judge. The commissioner shall have the same powers and authority to manage those assigned cases and proceedings as would a judge, but the commissioner shall have no other administrative functions unless such functions are assigned by the administrative judge.

Rule 130.04. "The administrative judge may direct that any case … pending in the court be heard by the commissioner in the manner provided for hearing of cases by law and may direct that detention hearings, informal hearings, and hearings … shall be heard in the first instance by the commissioner." Rule 130.05. "In each case heard by the commissioner, notice of the findings and recommendations of the commissioner, together with a statement that the matter is being transferred to a judge, shall be given to the parties whose case … has been heard by the commissioner." Rule 130.07. "Upon the conclusion of the proceedings or case, the commissioner shall transmit to the administrative judge or such other judge as shall be designated by the administrative judge all papers relative to the proceedings or case, together with the commissioner's findings and recommendations in writing." Rule 130.08.

(a) After receipt and review of the commissioner's findings and recommendations, the judge shall either adopt, as transmitted, amended or modified, or reject the findings and recommendations of the commissioner.

(b) If the judge adopts the findings and recommendations of the commissioner, the judge shall enter a judgment of the circuit court.

Rule 130.09 (a)-(b).

Upon request of any party or upon the judge's own motion, the judge may order a rehearing before the commissioner in any case or proceeding, with such directions to the commissioner as the judge may deem appropriate. The findings and recommendations of the commissioner upon such rehearing shall be treated under this rule in the same manner as original findings and recommendations of the commissioner.

Rule 130.11. "Unless waived by the parties in writing, a party to a case or proceeding heard by a commissioner, within 15 days after the mailing of notice of the filing of the judgment of the court, may file a motion for rehearing by a judge of the court." Rule 130.13(a).

*In re Finnegan*, 327 S.W.3d 524 (Mo. banc 2010) was handed down in December 2010. In that case, a commissioner in the St. Louis Circuit Court requested that the Commission on Retirement, Removal, and Discipline recommend he be retired due to disability. *Id*. at 524. The Missouri Supreme Court stated that a commissioner is not a judge. *Id*. at 526. It concluded that because the commissioner was not a judge or member of a judicial commission, the Commission on Retirement, Removal, and Discipline did not have the authority to recommend his retirement due to disability. *Id*. at 527.

6

In a concurring opinion, Judge Wolff wrote in part:

> I write separately to point out that there is no constitutional authority for the current officers called "commissioners." The assignment of judicial powers in the Missouri Constitution solely to judges is unambiguous and mandatory. The Court has a duty to respect the constitutional assignment of judicial powers, and, as gently as possible, to phase out these positions as these officers end their service and to seek their replacement with judges as needed.
>
> …
>
> Article V is clear. It defines who is in the judiciary, and it establishes clear rules for the judiciary. Mo. Const. art. V, secs. 14–23 (amended in 1976). There is nothing wrong with calling someone a "commissioner." Nor is there anything wrong with assigning special duties to those called "commissioners." But, under the Missouri Constitution, to exercise judicial functions, they first must be judges selected in accordance with our constitution.

*Id*. at 527-28.

In this appeal, J.J.G. relies on *Slay* and Judge Wolff's concurring opinion in *In re Finnegan*. He notes that a circuit court judge entered the judgment being appealed in his case. That judge was authorized to exercise the judicial power of the state. However, J.J.G. claims that the circuit court judge did not receive any evidence in his case. He argues that there cannot be sufficient evidence to find him guilty beyond a reasonable doubt because the circuit judge did not hear any evidence at all. Like the concurring opinion in *In re Finnegan*, J.J.G. essentially argues that the system of using commissioners is unconstitutional.

J.J.G. did not file a motion for rehearing before the administrative judge or any other post-judgment motion with the court. He also did not object to his case being

7

assigned to a commissioner.  "Constitutional violations are waived if not raised at the earliest possible opportunity."  *State ex rel. York*, 969 S.W.2d at 224.  Further, J.J.G.'s primary authority in support of his argument is a concurring opinion from the Missouri Supreme Court.  A concurring opinion is not binding on this court.  *Lampley v. Missouri Comm'n on Human Rights*, 570 S.W.3d 16, 21 (Mo. banc 2019).  "Commissioners are authorized to hear juvenile matters."  *B.D. v. Missouri Dept. of Soc. Services, Children's Div.*, 645 S.W.3d 681, 686 (Mo. App. W.D. 2022).  The point is denied.

## Conclusion

The judgment is affirmed.

_____
Anthony Rex Gabbert, Chief Judge

All concur.

8