**BECKHAM CREEK CAVE, INC.,**
**Appellant/Plaintiff,**

v.

**Charles MEDLEY, et al,**
**Respondents/Defendants.**

**No. 71367.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 5, 1997.

John J. Allan, Clayton, for appellant/plaintiff.

R.C. Wuestling, Theresa Appelbaum, St. Louis, for respondent/defendant Wittner and Wittner.

Brent W. Baldwin, Margaret Hesse, St. Louis, for respondent/defendant Medley.

GRIMM, Judge.

Plaintiff Beckham Creek Cave, Inc. appeals a dismissal with prejudice of a petition for legal malpractice. The trial court's entry does not meet the requirements of Rule 74.01(a) for a judgment. Therefore, we dismiss the appeal for lack of jurisdiction.

### I. Background

Plaintiffs Beckham Creek and H.L. Peterson filed their first amended petition for legal malpractice against defendants on March 15, 1996. In it, they alleged that defendants negligently prosecuted a real estate claim. Subsequently, all defendants filed motions to dismiss plaintiffs' claims for failure to state claims upon which relief can be granted.

On July 15, 1996, the trial court signed a document labeled "Order." It provided:

> All Defendants' motions to dismiss Beckham Creek Cave, Inc.'s cause of action for failure to state a claim sustained. Plaintiffs granted leave to respond to Defendants' motions to dismiss (now treated as a motion for summary judgment) H.L. Peterson within 30 days.

> Defendants Wittmer & Wittmer, Poger & Rosenblum P.C.'s motion for more definite sustained as to plaintiff Peterson, denied as moot as to plaintiff Beckham Creek Cave, Inc. Plaintiff Peterson granted leave to file amended Counts III & IV within 30 days.

Defendants James F. Koester and James F. Koester, Inc. additional motion to dismiss passed.

On August 26, plaintiff filed a "Dismissal Memorandum" which is file stamped August 29. It states:

Comes now Plaintiff and dismisses without prejudice its cause of action against Charles W. Medley, James F. Koester, James F. Koester, Inc., Howard Wittner, and Wittner, Poger & Rosenblum, P.C.

Also on this document are the words, "SO ORDERED," with the signature of the judge of Division 12. Below the identification of Division 12 is a line, "ENTERED: _____." On the line is written "9–[illegible number]–96."

The last document is dated September 30. It is an unlabeled document signed by the Division 12 judge and provides:

Plaintiffs Motion to Dismiss Without Prejudice called & heard.

The court, having reviewed the file, the motion & [illegible word] finds that the court's order of 7/15/96 dismissed Plaintiff Beckham Creek Cave, Inc *with* prejudice. Therefore the court hereby denies with prejudice Plaintiff Beckham Creek Cave, Incs Motion to Dismiss Without Prejudice.

## II.   Rule 74.01(a)

Before 1995, Rule 74.01(a) stated: " 'Judgment' as used in these Rules includes a decree and any order from which an appeal lies." In 1994, the Missouri Supreme Court adopted a new Rule 74.01(a), effective January 1, 1995. This rule states:

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

The Missouri Supreme Court has recently stated that the "intent of this procedural amendment was to remove confusion that existed as to when a pronouncement or judgment was final for purposes of appeal." *Linzenni v. Hoffman*, 937 S.W.2d 723, 726 (Mo. banc 1997).

Under the new rule, a judgment must be (1) in writing, (2) signed by the judge, (3) denominated "judgment," and (4) filed. The rule also clearly applies to orders from which an appeal lies. Otherwise, the requirements of a writing signed by the judge and filing would not apply to appealable orders. This would create two different tests for when an appealable order is entered and when a judgment is entered. *Chambers v. Easter Fence Co., Inc.*, 943 S.W.2d 863, 865 (Mo.App. E.D. 1997).

Here, none of the documents signed by the trial court are denominated "judgment." For a judgment to be final, it must be "denominated" judgment. *Id.* Even under the southern district's less stringent interpretation of Rule 74.01(a), when the term "judgment" is not used anywhere in the entry, a judgment has not been entered. *In re the Marriage of Berger*, 931 S.W.2d 216, 217 (Mo.App. S.D.1996). A final judgment is a prerequisite to appellate review. *Comm. for Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo.banc 1994). Here, a final judgment has not been entered.

The appeal is dismissed without prejudice as premature for lack of a final judgment.[1]

CRAHAN, C.J., and HOFF, J., concurs.

---

1. Respondents' motion to dismiss appeal is denied as moot, as are their motions to supplement the legal file.