Elaine STURGEON,
Petitioner/Respondent,

v.

Charles STURGEON,
Respondent/Appellant.

No. 72855.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 22, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 18, 1998.

Application for Transfer Denied Feb. 23, 1999.

Charles Sturgeon, Maryland Heights, pro se.

Frank Susman, Norton Y. Beilenson, St. Louis, for petitioner/respondent.

AHRENS, Judge.

Husband appeals from four orders, each denominated "Judgment," entered on June 6, 1997 by Family Court Commissioner Victoria McKee. The orders (1) denied husband's motion for attorney fees on appeal, (2) denied husband's motion for a new trial "as to issues on motion to modify," (3) amended the findings of the decree of dissolution and (4) denied husband's motion to amend a contempt order entered November 14, 1996. Husband filed a *pro se* notice of appeal on July 15, 1997. The Minutes of Proceedings reflect that the orders have not been signed by any person other than Commissioner McKee. We dismiss the appeal.

As a point of reference, we recognize that a party may appeal from any final judgment. *See* Rule 81.01; section 512.020, RSMo 1994. Rule 74.01(a) provides that:

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. A judgment may be a separate document or included on the docket sheet of the case.

Under this rule, a judgment must be (1) in writing, (2) signed by the judge, (3) denominated "judgment" and (4) filed. *Chambers v. Easter Fence Co., Inc.*, 943 S.W.2d 863, 865 (Mo.App.1997).

■ As the Missouri Supreme Court recently stated:

[a]lthough the documents filed in [this] case[ ] are denominated "judgment," they are not signed by a judge. Because the documents are not signed by a person selected for office in accordance with and authorized to exercise judicial power by article V of the state constitution, no final and appealable judgment has been entered. . . .

*Slay v. Slay*, 965 S.W.2d 845, 845 (Mo. banc 1998). Commissioner McKee was not selected for office in accordance with article V of the Missouri Constitution, therefore this court is without jurisdiction to hear husband's appeal. *Id.; Sturgeon v. Sturgeon*, 972 S.W.2d 574, 575 (Mo.App.1998).

The appeal is dismissed for lack of appellate jurisdiction.

PUDLOWSKI, P.J., and CRANDALL J., concur.