**RIVER SALVAGE, INC., d/b/a Treasures of the Steam Ship Arabia, City of Kansas City, et al., Respondent,**

v.

**Ja Chi KING, et al., Appellant.**

**No. WD 56483.**

Missouri Court of Appeals,
Western District.

Feb. 15, 2000.

Harley K. Desselle, Independence, for appellant.

Daniel G. Jackson, III, Kansas City, for respondents.

Before JAMES M. SMART, Jr., Presiding Judge, JOSEPH M. ELLIS, Judge and EDWIN H. SMITH, Judge.

JOSEPH M. ELLIS, Judge.

In August 1992, River Salvage, Inc., d/b/a Treasures of the Steamship Arabia (River Salvage) filed suit against Ja Chi King (King), U–Mart International, Inc. (U–Mart), Cheung's Restaurant, Inc., River Market Venture I, L.P., and the Planned Industrial Expansion Authority of Kansas City, Missouri to stop the infiltration of water into the Steamboat Arabia Museum (Museum) from the grocery and restaurant located above the Museum.[1] The parties entered into a settlement agreement resolving the lawsuit on January 15, 1993. However, the repair provisions of the agreement were never completely performed. As a result, River Salvage filed a second action for damages and contempt against King, River Market Venture I, L.P., River Market Venture, DLS Real Estate, U–Mart, Chung's Restaurant and the City of Kansas City, Missouri, in January 1994 because water continued to leak into the Museum. In this second action, King, U–Mart, and Cheung's Restaurant filed cross claims against the other defendants for indemnity and breach of contract. All of the Defendants settled with River Salvage but the cross claims proceeded to trial on June 27, 1995. On December 29, 1995, the trial court entered its ruling in a document styled "Findings of Fact, Conclusions of Law and Order." (hereinafter *original order* ).

King filed a "Motion For Reconsideration Or, In The Alternative, Motion For New Trial Or, Judgment Notwithstanding The Verdict" on January 16, 1996. Because King filed a motion for a new trial, the original order dated December 29, 1995, did not become final until April 16, 1996, 90 days after the motion for a new trial was filed.[2] King was required to file his notice of appeal by April 26, 1996, 10 days after the original order became final.[3] King did not file a notice of appeal until May 9, 1996. Accordingly, this Court dismissed that appeal on June 3, 1996, as being untimely filed.[4] In the meantime, King filed a motion on May 31, 1996, asking for leave to file a late notice of appeal.

1. *River Salvage, Inc. v. Ja Chi King,* No. CV94–0918.

2. Rule 81.05(a) states in pertinent part:
 In the event a motion for new trial is timely filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is ruled on at an earlier date, then at the later of the date of disposition of said motion or thirty days after entry of judgment.
 The legal file submitted with this appeal contains the motion for a new trial but does not contain record of any disposition of that motion. Therefore, we will assume the maximum 90 days must pass before the original order became final.

3. "No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." § 512.050; Rule 81.04(a); *See also Manzella v. Gilbert-Magill Co.,* 965 S.W.2d 221, 224 (Mo.App. W.D.1998).

4. WD 52711

We denied that motion on June 10, 1996.[5] King also filed a motion for leave to appeal out of time with the Circuit Court and that motion was denied on July 13, 1996.

On September 22, 1998, at the behest of King, the original trial court judge entered a new ruling in the case, identical in all respects to the original order, but this time denominated "Judgment." The appellant brings this appeal from that "Judgment."

Respondents contend we lack jurisdiction to decide this appeal, alleging that it was not timely filed because it was the original order that was appealable, not the revised "Judgment." Although not articulated well, Respondents are more accurately arguing that King's appeal should be dismissed because he is estopped from attacking the validity of the original order.

 It is a jurisdictional requirement that a notice of appeal be timely filed; if the notice of appeal is untimely, we are without jurisdiction to hear the appeal and we must dismiss it. *Koppenaal v. Director of Revenue, State of Missouri,* 987 S.W.2d 446, 449 (Mo.App.W.D.1999); *Griffin v. Griffin,* 982 S.W.2d 788, 788 (Mo.App. E.D. 1998). A notice of appeal is ineffective unless it is filed within 10 days after the judgment or order appealed becomes final. § 512.050;[6] Rule 81.04(a); *Soskin v. Wolfson,* 999 S.W.2d 261, 263 (Mo.App. E.D. 1999). A judgment becomes final 30 days after the judgment is entered unless a timely motion for a new trial is filed. Rule 81.05(a); *Tompkins v. Baker,* 997 S.W.2d 84, 88 (Mo.App. W.D.1999). In the event a motion for a new trial is filed, the judgment becomes final 90 days after the motion is filed, or if the motion is ruled on before the 90 days expire, the judgment becomes final either on the date the court disposes of the motion or 30 days after the judgment was entered, whichever occurs

later. Rule 81.05(a); *Tompkins v. Baker,* 997 S.W.2d at 88.

Prior to 1995, Rule 74.01(a) provided that a " '[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." Cases interpreting and applying this rule have held that a decree or order is a "judgment" in accordance with the Rule if it disposes of all the claims and parties involved, leaving nothing for future determination. *Peterson v. Medlock,* 884 S.W.2d 679, 683 (Mo.App. S.D.1994); *Thomas v. Nicks,* 867 S.W.2d 676, 677 (Mo.App. E.D.1993); *Pius v. Boyd,* 857 S.W.2d 238, 242 (Mo.App. W.D. 1993); *Parker v. Parker,* 857 S.W.2d 873, 874 n. 2 (Mo.App. S.D.1993); *Jefferson v. Bick,* 840 S.W.2d 890, 891 (Mo.App. E.D. 1992); *see also Boley v. Knowles,* 905 S.W.2d 86, 88 (Mo. banc 1995)(The Supreme Court was not interpreting Rule 74.01 as it existed prior to 1995, however, it defined "judgment" by stating, "[a]n appealable judgment disposes of all issues in a case, leaving nothing for future determination.").

Effective January 1, 1995, Rule 74.01(a) was amended to read as follows:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and *denominated "judgment"* is filed. The judgment may be a separate document or included on the docket sheet of the case.

Rule 74.01(a)(emphasis added).

On October 19, 1997, the Supreme Court handed down *City of St. Louis v. Hughes,* 950 S.W.2d 850 (Mo. banc 1997). In *Hughes,* the Supreme Court addressed the impact of the revision of Rule 74.01(a).[7]

---

**5.** WD 52795

**6.** All statutory references are to RSMo Cumulative Supplement 1998 unless otherwise indicated.

**7.** Before the Supreme Court addressed the issue in *Hughes,* the Eastern District and Southern District of this Court did address this issue, determining in all their cases that a document must be denominated a "judgment" before it complies with amended Rule

The Court said, "[u]nder old Rule 74.01(a), it was unclear when a pronouncement or judgment was a final judgment for purposes of appeal. The new rule clarifies that ambiguity by imposing an express requirement that the document or docket notation be 'denominated judgment'. " *Id.* at 853. The denomination requirement created a "bright line" test for determining when a writing is a judgment. *Id.* The Court further stated the purpose behind the rule change was to help clarify the difference between final and appealable orders and rulings made by the trial court as distinguished from rulings on issues over which the trial court intends to retain jurisdiction. *Id.* The Supreme Court declared that in order to comply with revised Rule 74.01(a), it must be clear from the writing that the trial court is calling or designating the document or docket sheet entry a "judgment." *Id.* at 853.

■ After the revision of Rule 74.01(a) and the decision in·*Hughes,* a document entered by a trial court did not constitute a "judgment" unless it was (1) a writing, (2) signed by a judge, (3) denominated "judgment", and (4) filed. *Sturgeon v. Sturgeon,* 984 S.W.2d 859, 860 (Mo.App. E.D.1998).

■ As noted previously, the original order entered in this case was entered on December 29, 1995, and it became final on April 16, 1996. A timely notice of appeal should have been filed on or before April 26, 1996, however, King did not file a notice of appeal until May 9, 1996. We dismissed that appeal as being untimely long before any case law existed holding that an "order" did not constitute a "judg-

ment" under revised Rule 74.01(a).[8] King made no claim at that time that the original order was not an appealable judgment pursuant to Rule 74.01(a). Indeed, he effectively acknowledged that he believed it was an appealable judgment by filing a motion for leave to file his appeal out of time in this court, which we denied on June 10, 1996, and by subsequently filing a motion for leave to appeal out of time with the trial court, which was denied on July 13, 1996.

Moreover, from the record, it appears that King took no action between July 1996 and March 1998 to try to utilize the change in Rule 74.01 to obtain a revised "judgment" so as to enable him to bring this appeal, and it was in fact September 1998 before the trial judge signed the revised "judgment." The issue, then, is whether under these circumstances, King can appeal from the revised "judgment" or if his rights were conclusively determined by the original order, thereby barring this appeal.

On two occasions the Missouri Supreme Court has held that a facially invalid judgment under Rule 74.01(a) is conclusive as to the rights of the parties notwithstanding its facial invalidity. In *State ex rel. York v. Daugherty,* 969 S.W.2d 223 (Mo. banc 1998), the Supreme Court was presented with a situation where a Commissioner entered a judgment on June 10, 1996, in a dissolution of marriage case. *Id.* at 224. Two years later, the Missouri Supreme Court decided *Slay v. Slay,* 965 S.W.2d 845, 845 (Mo. banc 1998), interpreting Rule 74.01 as prohibiting commissioners from entering valid "judgments" because a valid judgment must be signed by a judge, not a

---

74.01 and without said denomination, an appeal cannot be taken. See *Beckham Creek Cave, Inc., v. Medley,* 949 S.W.2d 285, 286 (Mo.App. E.D.1997); *Sarasohn & Co., Inc. v. Prestige Hotels Corp.,* 945 S.W.2d 13, 16–17 (Mo.App. E.D.1997); *Chambers v. Easter Fence Co.,* 943 S.W.2d 863, 865–66 (Mo.App. E.D.1997); *Kessinger v. Kessinger,* 935 S.W.2d 347, 349–50 (Mo.App. S.D.1996); *In re Marriage of Berger,* 931 S.W.2d 216, 216–17 (Mo. App. S.D.1996).

8. The appeal was dismissed on June 3, 1996. The first case holding that documents not denominated a "judgment" pursuant to amended Rule 74.01(a) were not appealable was *In Re Marriage of Berger,* 931 S.W.2d 216 (Mo.App. S.D.1996), handed down on October 17, 1996.

commissioner. Therefore, the order in *York* did not constitute a valid judgment from which an appeal could be taken. *York*, 969 S.W.2d at 224. In response to the decision in *Slay*, Judge Daugherty, a circuit court judge who served as an administrative judge for the family court division of Jackson County, entered a "judgment" in *York* that adopted the findings of the commissioner. *Id.* That "judgment" was entered on April 9, 1998, and the parties filed a writ of mandamus and/or prohibition ordering the Judge to set aside the April 9, 1998 judgment and take no further action in the case until the Supreme Court could enter a ruling. *Id.* The Supreme Court entered a substitute preliminary order in prohibition and/or mandamus on April 27, 1998, and after reviewing the case determined that the rights of the parties were concluded by the June 10, 1996 "judgment" entered by the commissioner. *Id.*

The Court based its disposition on the doctrines of waiver and estoppel. *Id.* The Court recognized that constitutional violations are waived if they are not raised at the earliest possible opportunity. *York*, 969 S.W.2d at 224. They declared that waiver occurs if the party affected had a reasonable opportunity to raise the unconstitutional act or statute by *timely* asserting the claim before a court of law, and they failed to do so. *Id.* at 225; *see also Callier v. Director of Revenue*, 780 S.W.2d 639, 641 (Mo. banc 1989)(waived only if "good pleading and orderly procedure" allow the party to raise the constitutional question). The Court in *York* also applied the estoppel doctrine when it found that if a party to a void judgment accepts the burdens or benefits of that judgment, they are estopped from later attacking it. *York*, 969 S.W.2d at 225.

In *State, Dept. of Social Services, Div. of Child Support Enforcement v. Houston*, 989 S.W.2d 950 (Mo. banc 1999), the Supreme Court applied the analysis of *York* to prohibit appellant from challenging the validity of a child support modification order. Houston waited fifteen months after the order was entered to challenge its validity, and then he claimed it was invalid because it was not signed by an attorney. *Id.* at 952. The Court determined Houston was estopped from challenging the validity of the order because his challenge was not timely, evidencing that he accepted the burdens of the child support modification order as it was entered. *Id.* at 952–53.

In this case, King failed to question the validity of the original "order" in a timely manner. The original order was entered December 29, 1995. King filed his "Motion for Reconsideration or, in the Alternative, Motion for New Trial or, Judgment Notwithstanding the Verdict" on January 16, 1996. He made no contention in that motion that the "Findings of Fact, Conclusions of Law and Order" was not a final judgment because not denominated a "judgment" as required by Rule 74.01(a). King then tried to appeal the original order by filing a notice of appeal, but he did so some twenty-three (23) days after the order purportedly became final for purposes of appeal, and thirteen (13) days after a notice of appeal would have been due. Accordingly, this court dismissed the appeal as being untimely filed. King then filed a motion for leave to file his appeal out of time. Here again, he did not suggest that the original order was not an appealable judgment as a result of amended Rule 74.01(a). Rather, he in effect acknowledged just the opposite, indicating a belief that it was in fact appealable, and recognizing that he had not filed his notice of appeal within the time permitted. This court denied his motion on June 10, 1996. Thereafter, he filed a motion in the trial court asking that court to grant him leave to file his appeal out of time, once again no where contending the original order was not an appealable judgment. The trial court purported to deny the motion on July 13, 1996.[9]

---

**9.** By mentioning that King filed the motion in the trial court, we do not suggest that it was

From the record, it appears that King then accepted the burdens and benefits of the original order for nearly two years. It is not until March 1998, two years and three months after the original order was entered, that the record first hints that King began claiming that the original order was not final due to it not being denominated a "judgment." And, it was not until September 1998, two years and nine months after the original order was entered, that the revised "judgment" was signed by the trial court.

King made no effort to challenge the validity of the original order for more than two years. As in *Houston*, the circumstances invited expression of a contention questioning the validity of the order, either in the trial court or in this court. King made no such contention. And, just as in *Houston*, his "conduct constitutes an affirmation of the validity of the order." *Houston*, 989 S.W.2d at 952. King is therefore estopped from attacking the validity of the original order. *See id.*

The rights of the parties were concluded by entry of the trial court's "Findings of Facts, Conclusion of Law, and Order" on December 29, 1995, and that order is deemed effective as a judgment as of that date.

For the foregoing reasons, the appeal is dismissed.

All concur.

appropriate or that the trial court could have granted the request. *See Rule 81.07(a)*.