**Gregory D. SHIELDS, Appellant,**

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. WD 58417.

Missouri Court of Appeals,
Western District.

March 6, 2001.

R. Bruce Kips, Shawnee, KS, Attorney for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant Attorney General, Jefferson City, Attorneys for Respondent.

Before LAURA DENVIR STITH, P.J., and SMART and HOWARD, JJ.

HOWARD, Judge.

Gregory Shields's driving privilege was revoked for one year by the Missouri Department of Revenue (hereinafter "DOR"). He subsequently filed a petition for review, which was dismissed by the circuit court for lack of jurisdiction. This appeal followed.

We dismiss the appeal.

**Background**

We find the following time line helpful in explaining the procedural background leading to this appeal:

*May 8, 1999:* Appellant was involved in a motor vehicle accident and was subsequently arrested for driving while under the influence. He refused to submit to a breath analysis test. Pursuant to § 302.520 RSMo Cum. Supp. 1999,[1] the arresting officer issued him a notice of suspension of driving privilege and request for administrative hearing form.

*May 24, 1999:* On appellant's behalf, his counsel mailed a request for administrative hearing to the DOR.

*June 2, 1999:* Pursuant to § 577.041, the DOR mailed a notice of revocation of driving privilege for refusing to submit to a breath test to appellant.

*June 7, 1999:* The DOR informed appellant's counsel, in a telephone conversation, that appellant's request for an administrative hearing was denied, that appellant was deemed to have refused to take a breath test, and that appellant's driving privilege in Missouri would be revoked for one year, effective June 20, 1999.

*July 7, 1999:* Pursuant to § 302.311 RSMo 1994 and § 577.041, appellant filed a petition for review, seeking an order reinstating his driving privilege.

*July 27, 1999:* Despite the fact that the DOR had mailed a notice of revocation on June 2, 1999, on July 27, 1999, the DOR sent appellant and his counsel a letter stating that the DOR had received appellant's request for an administrative hearing postmarked May 24, 1999. This letter stated that no notice of suspension or revocation would be issued to appellant until documents required to establish an administrative alcohol file had been received from the arresting agency.

*August 6, 1999:* In response to appellant's July 7, 1999, petition for review, the circuit court entered a judgment reinstating appellant's driving privilege because appellant had "completed the diversion requirements" and "the State offered no evidence."

*November 24, 1999:* The DOR filed a motion to set aside the court's judgment of August 6, 1999. In this motion, the DOR asserted that the circuit court lacked subject matter jurisdiction under Rule 74.06(b) to enter the judgment because appellant's petition for review was not filed within thirty days of the DOR sending appellant the notice of revocation of his driving privilege on June 2, 1999. Appellant responded to this motion on December 7, 1999.

*December 17, 1999:* The circuit court set aside its August 6, 1999, judgment and dismissed for lack of jurisdiction appellant's petition for review.

*January 19, 2000:* Appellant filed a motion to reconsider the circuit court's December 17, 1999, judgment. The court set that judgment aside on January 28, 2000, and set the matter for hearing on February 10, 2000.

*February 15, 2000:* After considering the arguments and exhibits presented by counsel in a February 10, 2000, hearing, the circuit court set aside its judgment entered on August 6, 1999. It again dismissed appellant's petition for review for lack of jurisdiction. The court clerk mailed this judgment to appellant's counsel on February 16, 2000.

*March 27, 2000:* Appellant filed his Notice of Appeal to this court.

### Finality of Judgment— Untimely Appeal

Before we can reach the merits of appellant's points on appeal, we must consider whether this court has jurisdiction to hear the appeal. *See River Salvage, Inc. v. King,* 11 S.W.3d 877, 879 (Mo.App. W.D. 2000) (recognizing that "[i]t is a jurisdictional requirement that a notice of appeal be timely filed; if the notice of appeal is untimely, we are without jurisdiction to hear the appeal and we must dismiss it").

---

1. Unless otherwise noted, all statutory references are to RSMo Cum. Supp. 1999.

■ The DOR contends that this appeal should be dismissed as being filed untimely. In support of its contention, the DOR asserts that appellant's post-trial motion of January 19, 2000, was untimely because it was not filed within thirty days of the court's December 17, 1999, judgment being entered, as required by Rules 73.01(a)(5)[2] and 81.05(a). It argues that because no post-trial motion was filed within the thirty-day time limit set forth in Rule 73.01(a)(5), the judgment became final for purposes of appeal on January 16, 2000, under Rule 81.05(a). Thus, under Rule 81.04(a) appellant's notice of appeal was due "not later than" January 26, 2000. The notice of appeal was not filed until March 27, 2000, so the appeal should be dismissed. We agree.

This issue concerns the timeliness of appellant's after-trial motion for reconsideration filed January 19, 2000, and the resulting effect on the timing for the filing of his notice of appeal. Rule 81.05(a) governs the finality of judgments. It states in relevant part, "a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no *timely* motion for a new trial is filed." *Id.* (emphasis added); *see also River Salvage, Inc.,* 11 S.W.3d at 879. Rule 74.01(a) states, "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." In this case, the circuit court's judgment dismissing appellant's petition for review was entered on December 17, 1999. Appellant had thirty days thereafter, or until January 16, 2000, to file his motion to reconsider. Rule 73.01(a)(5).[3] Because that day fell on a Sunday and Monday, January 17, 2000, was a legal holiday, he had until January 18, 2000, to file his after-trial motion. He failed to file his motion to reconsider until January 19, 2000. Thus, the December 17,

1999, judgment became final on January 16, 2000.

■ Rule 81.04(a) governs the filing of a notice of appeal. It states in relevant part, "[n]o [appeal permitted by law from a trial court] shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." *Id.;* § 512.050; *see also River Salvage, Inc.,* 11 S.W.3d at 879. Because the December 17, 1999, judgment became final on January 16, 2000, appellant's notice of appeal was due January 26, 2000. Appellant did not file his notice of appeal until March 27, 2000, so his appeal is untimely. Thus, we dismiss his appeal for lack of jurisdiction. *Koppenaal v. Dir. of Revenue, State of Mo.,* 987 S.W.2d 446, 452 (Mo.App. W.D.1999).

LAURA DENVIR STITH, P.J., and SMART, J., concur.

---

2. Rule 73.01(a)(5) (1999) required that after-trial motions "shall be filed not later than thirty days after entry of judgment."

3. Appellant's motion did not raise any claims under Rule 74.06(b), which claims the court may have otherwise been authorized to entertain outside of the thirty-day period.