**Dawn R. HUTCHCRAFT–BAEZ, et al., Respondents,**

v.

**Alfonso Baez MONTERO, Appellant.**

**No. ED 81079.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 13, 2002.

Nathan S. Cohen, Clayton, MO, for appellant.

Steven G. Bell, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

Dawn Hutchcraft–Baez, the respondent, sought an order for child protection for her son against her husband Alfonso Baez Montero, the appellant. The court entered an ex parte order and set the matter for a hearing on the full order of protection. Appellant filed a motion to dismiss the petition for lack of subject-matter and personal jurisdiction, which the trial court denied. Appellant has filed a notice of appeal from this judgment denying his motion to dismiss. In response, respondent has filed a motion to dismiss appellant's appeal claiming there is no final, appealable judgment. Because we agree, we dismiss the appeal.

Jurisdiction is vested in an appellate court by the timely filing of a notice of appeal. *River Salvage, Inc. v. King,* 11 S.W.3d 877, 879 (Mo.App. W.D.2000); Rule 81.04(a). A notice of appeal must be filed 10 days after a judgment becomes final. Rule 81.04(a); *Taylor v. United Parcel Service, Inc.,* 854 S.W.2d 390, 392 (Mo. banc 1993). A "judgment" has been defined by the legislature in section 511.020 as " 'the final determination of the right of the parties in an action.' " *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997). "An appealable judgment disposes of all issues in a case, leaving nothing for future determination." *Id.* at 852.

Here, the judgment entered by the trial court denied appellant's motion to dismiss. It then set the matter for a full order of protection hearing in the future. Obviously, the judgment did not dispose of all issues in the case and left something for future determination. Moreover, the denial of a motion to dismiss is not final and thus not appealable. *DeLeon v. DeLeon,* 804 S.W.2d 801, 802 (Mo.App. E.D.1991).

Appellant's appeal is dismissed for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR, J. concur.