In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

PROFESSIONAL FUNDING COMPANY, ) No. ED108799
 )
 Respondent, ) Appeal from the Circuit Court of
 ) St. Louis County
vs. ) 19SL-CC04156
 )
JOSEPH F. BUFOGLE, SR., and )
BUFOGLE & ASSOCIATES, P.C., ) Honorable Ellen H. Ribaudo
 )
 Appellants. ) Filed: February 2, 2021

Angela T. Quigless, P.J., Kurt S. Odenwald, J., and James M. Dowd, J.

 Introduction

 The issue before us is whether the judgment the trial court entered here sua sponte is

void, because it was entered before the defendants had an opportunity to file an answer to the

petition, or whether the trial court correctly found that the document it adopted as the judgment

in this case, was a valid consent judgment from the parties’ previous litigation. Because we find

that no judgment, consent or otherwise, had been entered in the parties’ previous litigation, the

trial court erred in treating the document that Respondent Professional Funding Company (PFC)

attached to its breach of contract petition in this case as a consent judgment and in adopting that

document as the judgment here against Appellants Joseph Bufogle, Sr., and Bufogle &
Associates, P.C., (Bufogle) before the Bufogle defendants were able to file an answer.1

Reversed and remanded.

 Background

 To help finance his law practice, Bufogle2 borrowed money from PFC. After Bufogle

breached the repayment agreement, PFC sued Bufogle in September 2018. The parties reached a

settlement agreement in that case and the suit was dismissed.

 The settlement agreement provided for two different scenarios whereby subsequent

litigation might be instigated in the event the agreement was breached. The first scenario was

addressed in paragraphs 2 and 3 of the settlement agreement. Paragraph 2 provided that the

parties would execute a one-page pleading-like document the parties labelled “Consent

Judgment” which was attached as Exhibit A to the settlement agreement. Exhibit A provided:

“BY CONSENT, Judgment is hereby entered in favor of Plaintiff and against Defendants, jointly

and severally, in the amount of Seven Hundred Thousand Dollars ($700,000.00), less any

payments made prior to the filing date of this Consent Judgment. Non Compounded (sic)

interest at the rate of 12% per year shall accrue on any unpaid balance from the date of default

giving rise to the filing of this Consent Judgment until paid in full.”

 Exhibit A was signed by PFC’s representative and by Bufogle individually and as the

agent of the law firm, but it was not filed with the court which presided over that settled lawsuit,

signed by the judge, or otherwise entered as the judgment in that case. Instead, that case

terminated by way of a voluntary dismissal without prejudice.

1
 Professional Funding filed a Motion to Dismiss Appellants’ Appeal which was taken with this
case. That motion is denied.
2
 For readability purposes, we refer in this opinion to the two Bufogle parties in the singular.
 2
 Paragraph 3 of the settlement agreement then provided that if Bufogle breached its

payment obligations, PFC would be entitled to file a new lawsuit in which Bufogle would waive

service and enter an appearance, and PFC could immediately file Exhibit A. Paragraph 3 did not

describe the nature or type of lawsuit the parties anticipated.

 A second litigation scenario was set forth in paragraph 5: “In the event it becomes

necessary to institute proceedings to enforce this Agreement, the parties agree that venue shall be

proper in the County of St. Louis, jurisdiction in the State of Missouri, and Missouri law shall

govern. The parties further agree that the prevailing party shall be entitled to all costs incurred in

enforcing this Agreement, including reasonable attorney fees.”

 On September 16, 2019, after Bufogle allegedly breached the settlement agreement by

failing to make the required payments, PFC filed its unverified petition for breach of contract

against Bufogle attaching to the petition the settlement agreement together with Exhibit A.

Bufogle was served with the summons and petition on October 16, 2019, therefore pursuant to

Rule 55.25(a) and to the summons itself, the answer to the petition was due on November 15,

2019. However, on October 22, 2019, without notice to the parties and before Bufogle filed an

answer to the petition or entered an appearance in the case, the trial court entered judgment sua

sponte by executing Exhibit A as its judgment in this case. The court denied Bufogle’s motion to

set aside the judgment reasoning that the parties’ settlement agreement “created a judgment by

consent,” and that it had merely been “stayed by the parties’ [settlement] agreement.”

 On this appeal, Bufogle alleges that the trial court erred in denying his motion to set aside

the judgment because Exhibit A was not a consent judgment. Instead, Bufogle alleges the

judgment is void under due process principles and is in violation of the rules of civil procedure

 3
because it was entered just six days after Bufogle was served with the summons and petition in

this suit for breach of contract and Bufogle had yet to even file an answer.3 We agree.

 Standard of Review

 “A judgment is void under Rule 74.06(b)(4) if the trial court: (1) lacked subject matter

jurisdiction, (2) lacked personal jurisdiction, or (3) entered the judgment in a manner that

violated due process.” Williams v. Zellers, 611 S.W.3d 357, 364 (Mo. App. E.D. 2020).

“Ordinarily, we review the circuit court’s ruling on a motion to set aside a judgment under Rule

74.06 for an abuse of discretion. However, whether a judgment should be vacated because it is

void is a question of law that we review de novo; we give no deference to the circuit court’s

decision.” Kerth v. Polestar Entm’t, 325 S.W.3d 373, 378 (Mo. App. E.D. 2010) (citations

omitted).

 Analysis

 Unless the judgment entered in this case was a valid consent judgment, it is void because

its entry before Bufogle had answered the petition violates fundamental principles of due process

and the specific dictates of Rules 55.01 and 55.25(a), which respectively mandate the filing of an

answer in a civil action and permit defendants 30 days to do so after service of the summons and

petition.

 The requirement and opportunity to respond to a petition is codified in our rules of civil

procedure. Rule 55.01 mandates that in a civil action, “[t]here shall be a petition and an

3
 Bufogle raises three points. Because our decision with respect to point three is dispositive to
this appeal, we need not address his first point, which asserted the judgment was void because it
was in essence a confession of judgment and failed to follow the requirements of § 511.080, nor
his second point, which asserted the judgment should have been set aside as it was for an
uncertain amount that cannot be ascertained from the pleadings and record.

 4
answer...” Rule 55.25(a) provides that upon a suit being filed, a defendant has 30 days after the

service of the summons and petition to file an answer.

 “The fundamental requisite of due process of law is the opportunity to be heard.”

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); Kerth, 325 S.W.3d at

378–79. Defendants' due process rights afford them an opportunity to file a responsive pleading

and present their objections to the claims against them. Kerth, 325 S.W.3d at 379. “Inherent in

our law has long been the concept that the underlying principle of a summons is to place a

defendant on notice of an action filed against the defendant to enable the defendant to appear and

defend against the action.” Hometown Lumber & Hardware, Inc. v. Koelling, 816 S.W.2d 914,

916 (Mo. banc 1991). A judgment entered against a defendant without granting the opportunity

to be heard violates the defendant’s due process rights. Kerth, 325 S.W.3d at 379. Finally, a

judgment entered in violation of a defendant’s due process rights is void. Id.; Estate of

Pittsenbarger, 136 S.W.3d 558, 565 (Mo. App. W.D. 2004).

I. Exhibit A, the document the trial court treated as a consent judgment and

 then adopted and entered as its own judgment in this case, was not a consent

 judgment or a judgment of any kind.

 The critical defect in the trial court’s reasoning here was its treatment of Exhibit A from

the parties’ prior settlement agreement as a consent judgment when Exhibit A was nothing more

than an exhibit to a settlement agreement that was never signed by a judge or entered as a

judgment in that prior case. It was not a judgment and did not carry the weight and finality our

legal system embodies in judgments. Only courts can enter judgments, even consent judgments.

Rule 74.01(a).

 5
 A consent judgment is a judgment “based on an agreement between the parties as to the

terms, amount or conditions of the judgment rendered.” Fritzsche v. East Texas Motor Freight

Lines, 405 S.W.2d 541, 544 (Mo. App. E.D. 1966). A consent judgment is not a judicial

determination of rights, but it is an agreement of the parties and is not appealable. Nations v.

Hoff, 78 S.W.3d 222, 223 (Mo. App. E.D. 2002). “[A] consent judgment has the same force and

effect as any other judgment reached on the merits.” Boillot v. Conyer, 826 S.W.2d 95, 97 (Mo.

App. E.D. 1992). However, since a consent judgment is like any other judgment, it must be

entered by the court. Rule 74.01(a) (“A judgment is entered when a writing signed by the judge

and denominated ‘judgment’ or ‘decree’ is filed.”); see also Sturgeon v. Sturgeon, 984 S.W.2d

859, 860 (Mo. App. E.D. 1998) (holding a court document titled “judgment,” filed, but signed by

a commissioner rather than a judge was not a judgment under Rule 74.01).

 Thus, the trial court erred when it found that the settlement agreement “created a

judgment by consent.” Parties cannot create judgments. And putting the title “consent

judgment” on Exhibit A is meaningless because it was never filed with the court in that case,

signed by the judge in that case, or otherwise entered as the judgment in that case. Again, it

remained merely a part of the parties’ private contract to resolve their previous litigation. And

since that case was dismissed, it is as if that case had never been brought. Samland v. J. White

Transp. Co., Inc., 675 S.W.2d 92, 96 (Mo. App. W.D. 1984).

 Likewise, Exhibit A did not become a consent judgment when PFC filed this new case

and attached it to the petition. The trial court described PFC’s new suit as an action “to enforce

the consent judgment which was stayed by the parties’ [settlement] agreement...” Judgments are

enforced through executions under Rule 76.01 not through a new civil action for breach of

 6
contract which PFC filed in this case. Risking redundancy, no execution or stay of execution

was possible because no judgment had been entered.

 By filing the new lawsuit for breach of contract and obtaining service on Bufogle, PFC

set into motion a completely new action that will run its course according to our well-worn rules

of civil procedure. PFC effectively went down the road envisioned by paragraph 5 of the parties’

settlement agreement apparently finding it “necessary to institute proceedings to enforce this

Agreement” when it filed this breach of contract action.

 Upon remand, Bufogle will be required to file an answer or other responsive pleading

under Rule 55.25(a). The settlement agreement and Exhibit A which PFC attached to the

petition in this case are not self-proving but represent factual allegations which PFC has the

burden to prove. See Rule 55.12.

 We acknowledge PFC’s intention (and Bufogle’s for that matter) through the settlement

agreement and Exhibit A to create an insurance policy of sorts to keep in its back pocket in the

event Bufogle breached. But what parties intend and what the law allows is where the rubber

hits the road in this case. Had the parties submitted Exhibit A to the court in their previous

litigation for entry as a consent judgment disposing of the issues in that case, the parties could

have asked the court to stay execution of the judgment pending Bufogle’s continued timely

payments and then in the event Bufogle breached, execution on the judgment could have

proceeded. Household Fin. Corp. v. Jenkins, 213 S.W.3d 194, 195 (Mo. App. E.D. 2007) (a

consent judgment was entered, and execution stayed upon defendant making periodic payments

to the plaintiff). Since that did not take place, the swiftest litigation route available to PFC is to

adhere to the pleading rules and then file a dispositive motion.

 7
 Conclusion

 The trial court’s sua sponte entry of judgment violated Bufogle’s due process rights and

Bufogle’s rights under the rules of civil procedure including Rule 55.25(a). Therefore, this

matter is reversed and remanded to the trial court for further proceedings consistent with this

opinion.

 _________________________
 James M. Dowd, Judge

Angela T. Quigless, P.J., and
Kurt S. Odenwald, J., concur.

 8