In the Interest of S.L., L.L., and R.L., Children under seventeen years of age.

**D.L.J., Appellant.**

No. 25855.

Missouri Court of Appeals, Southern District, Division One.

June 25, 2004.

Petition for Rehearing and Transfer Denied July 6, 2004.

Application for Transfer Denied Aug. 24, 2004.

James R. Sharp, Sharp & Bredesen, Springfield, MO, for respondent-appellant.

Bill Prince, Greene County Juvenile Office, Springfield, MO, for petitioner-respondent.

JAMES K. PREWITT, Judge.

D.L.J. ("Mother") brings this appeal following an order from the Circuit Court of Greene County ("trial court") terminating her parental rights to three female, minor children, S.L., L.L., and R.L., on the bases of abuse and neglect (§ 211.447.4(2), RSMo) and failure to rectify or remedy (§ 211.447.4(3), RSMo). Parental rights of the children's father were previously relinquished separately. This appeal involves only the parental rights of Mother.

In November of 1990, Mother adopted S.L., L.L., and R.L. from an adoption facility in Romania. In February of 2000, Mother and the children's father separated.

The Division of Family Services ("DFS") received referrals alleging child abuse and neglect in February of 2000 and again in April of 2000. Intensive in-home and family-centered services were provided to Mother and the children, however, the situation did not stabilize for any extended period of time. In October of 2000, a request for intervention was made to the

juvenile officer. The family situation continued to deteriorate, and on February 22, 2001, upon a recommendation from the DFS citing Mother's inability to parent her children's emotional and psychological needs, the juvenile officer petitioned for and received an order granting protective custody of the minor children.

The petition for removal set forth two counts, the first count alleging that:

Said juveniles have been subjected to a chaotic and unstable lifestyle by their mother as demonstrated by her use of both medical as well as psychiatric diagnoses of her children for purposes of secondary gain, [i.e.], to allow her to rework and undo her own childhood history of abandonment by her parents and specifically by fostering an excessive dependency of her children upon her so as to prevent her being left again, which jeopardizes the safety and general well-being of said juveniles[.]

The allegations contained in the second count of the petition pertained to the children's father. Also alleged in the petition for removal was the following:

The juveniles are in such condition or surroundings that their welfare requires that their custody be immediately assumed by the court, for the reason that said juveniles are otherwise without proper care, custody, or support and are otherwise legally neglected as defined by Chapter 210 and 211 of the Revised Statutes of Missouri as amended to date, and [are] in need of the care, treatment and services of this Court.

An order for temporary legal custody was issued on February 22, 2001. Further family-centered services, including psychological and psychiatric treatment and counseling, were provided to the children and Mother following the children's removal from Mother's home. However, the record indicates that Mother failed to make any significant progress. She ceased participating in individual therapy, was not consistent in attending meetings with the Family Support Team, failed to maintain consistent contact with DFS, and failed to participate in parenting classes. In addition, Mother's behavior at parent-child visitations was described as "grossly inappropriate" on the occasions she did attend, which resulted in visitation being suspended.

Termination of parental rights was recommended and a petition for termination was filed on March 1, 2002. Hearings were held on April 21 and 22, 2003. The trial court entered its order terminating Mother's parental rights on June 13, 2003.

■ Mother appeals, presenting two points relied on. We will address Mother's second point first, as its resolution aids in the disposition of point one. Point two states:

The trial court erred in finding, as a basis for terminating Mother's parental rights, that the conditions leading to the assumption of jurisdiction remain or conditions of a potentially harmful nature continue to exist because said finding was not based upon substantial evidence and was against the weight of the evidence in that:

a. The conditions which led to the assumption of jurisdiction in February of 2001 were a chaotic and unstable environment in Mother's home due to a pending divorce action from the children's father as well as severe behavioral problems with the children which required numerous hospitalizations of the children; and

b. Since the assumption of jurisdiction in February of 2001:

i. Mother has remarried and maintained a stable home for over a year;

ii. Mother has been in therapy since February of 2001 for depression with Doctor Alok Jain and has made a substantial improvement in her ability to handle her affairs and the children;

iii. Mother's visits with the children were terminated by the Division of Family Services in November of 2001, thus preventing her from maintaining a relationship with the children; and

iv. Mother attempted to support the children while they were in the custody of the Division of Family Services by providing cash and in-kind support even though her only source of income was $800.00 per month in maintenance from her ex-husband, which terminated in December of 2001, and Social Security disability benefits.

Appellant contends that "the question that was presented to the trial court, and now to this Court, is whether these conditions, which primarily revolve around Mother's mental state, still exist and still endanger the welfare of the children."

Appellant cites the following examples to demonstrate an improvement in Mother's conditions: that Mother's treating psychiatrist testified "that he has seen considerable improvement in Mother's condition [and] does not see her condition as permanently irreversible"; that Mother's treating psychologist testified "that Mother came across as concerned for the children and dedicated to them[,]" and that Mother's disorder is not a permanent condition; that Mother has remarried and now resides in a home in Taney County; that Mother's "sporadic" contact with the children was due, in part, to problems she experienced obtaining transportation for the visits and that ultimately DFS terminated those visits in November of 2001; and, that Mother's lack of attendance at parenting programs was "apparently due

to transportation problems" and DFS's refusal to pay for one such class.

Appellant summarizes these examples in the following manner:

It appears that all of the concerns alleged by the Greene County Juvenile Office and found by the trial court as a ground for terminating Mother's parental rights were in fact caused either by Mother's disabilities, which resulted in Mother's experiencing very strained financial circumstances, or road blocks put in her way by the Missouri Division of Family Services in denying her access to services and the opportunity to maintain a relationship with her children.

. . . .

Contrary to the trial court's findings, the conditions outlined in the original abuse/neglect petition have been remedied and the children should be returned to Mother in the near future.

. . . .

The record reflects that the efforts utilized to remedy the adverse conditions which led to the children going into protective custody in the first place were in fact successful and there was no substantial evidence on which to base the termination of Mother's parental rights on the grounds that these services were unsuccessful.

However, in its findings, the trial court cited testimony provided by DFS caseworkers that contradicts Mother's claim that no substantial evidence was presented to warrant termination of her parental rights under § 211.447.4(3), RSMo. There was evidence that Mother was "generally uncooperative" with DFS, in that Mother did not attend parenting classes; did not maintain stable, appropriate housing; did not notify DFS of changes in her location or household composition; did not provide financial support for the children; her attendance at counseling became more spo-

radic; and, her visitation with the children was sporadic. Further, Mother did not maintain stable employment (although she was capable of employment and had been employed from time to time following the removal of the children), she failed to support the children, and the children repeatedly expressed their desire not to visit with Mother.

The trial court conceded that there was no evidence presented that Mother's chronic mental condition was permanent or non-reversible, and that there was no evidence that Mother's periodic alcohol abuse "rose to the level of a non-treatable chemical dependency." However, although it found that Mother had been provided with "a multitude of services designed to assist her in providing the necessary care, custody and control for the children's physical, emotional and mental wellbeing," the trial court determined that Mother's history of failing to follow through with services previously referred to her made it unlikely that mother would avail herself to any additional services, if such were available.

Further, the trial court found that the evidence indicated that Mother demonstrated a lack of commitment to the children, failed to demonstrate insight as to her role in the removal of the children, failed to adjust her circumstances and conduct to provide a proper home for the children, and "was unable to provide the children with such care, custody and control."

■ Evidence of short-term improvements in a parent's circumstances occurring after the filing of the termination petition is not necessarily compelling, as the parent's conduct subsequent to a petition for termination is not the sole consideration in the trial court's determination. *In re N.M.J.*, 24 S.W.3d 771, 779 (Mo.App. 2000). The totality of a parent's conduct, both prior to and after the filing of the

petition, must be examined, " 'otherwise, a parent may argue that he [or she] has reformed since the filing of the petition; reformation having occurred while the child was away.' " *Id.* (quoting *In re T.T.*, 954 S.W.2d 429, 432 (Mo.App.1997)). "All grounds for termination must to some extent look to past conduct because the past provides vital clues to present and future conduct." *Id.*

■ With deference to the juvenile court's superior position in judging the credibility of the witnesses, this Court will affirm the juvenile court's judgment unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares the law, or it erroneously applies the law. *In re S.L.J.*, 3 S.W.3d 902, 907 (Mo.App.1999). We find that there was sufficient evidence for the juvenile court's finding that the conditions leading to the assumption of jurisdiction remain or conditions· of a potentially harmful nature continue to exist. Point II is denied.

■ Appellant's next point states:

The trial court erred in finding as a basis for terminating Mother's parental rights that the children were abused and neglected by Mother, and particularly that the children were the victims of severe or recurrent acts of physical, emotional and sexual abuse because said findings misapplied and misstated the law as the evidence of said acts of abuse were beyond the scope of the pleadings in this matter in that:

a. The petition for termination of parental rights filed by the Greene County Juvenile Office only alleged abuse and neglect based on the findings of the trial court in the underlying abuse and neglect case that Mother had not provided the children with adequate care or support and that she used the children's

medical and psychological diagnoses for the purposes of secondary gain;

b. The allegations of physical, emotional and sexual abuse which formed the basis of the trial court's findings in the termination of parental rights case that Mother physically, emotionally, and sexually abused the children were not a part of either the petition or the findings of the trial court in the underlying abuse and neglect case and were not specifically plead [sic] in the petition to terminate Mother's parental rights and were thus beyond the scope of the pleadings in this case; and

c. By not including the specific allegations of physical, emotional and sexual abuse in its petition to terminate Mother's parental rights, the Greene County Juvenile Office failed to give adequate notice to Mother of the factual basis of its case and thus deprived Mother of her procedural due process rights guaranteed her under § 211.452 R.S.Mo., Article I, § 10 of the Missouri Constitution, and the 14th Amendment to the United States Constitution.

The petition for termination in this case included an allegation that "the minor children have been abused and/or neglected and a judicial determination of same was made by the Juvenile Court of Greene County, Missouri[.]" In her reply brief, Appellant contends that this language is not sufficient to apprise Mother "that an abuse charge would be leveled against her in the termination trial," thus, "the termination order could not legally have been based on allegations that she physically or sexually abused the children and the order should be reversed on that basis."

The judgment terminating Mother's parental rights included a finding that "[t]he children have been abused and/or neglected[,]" pursuant to § 211.447.4(2)(a) through (d). On this finding, the juvenile court noted testimony from the children's therapist that recounted incidents of physical, emotional and sexual abuse of which Mother was aware and in which Mother participated.

Mother contends that the therapist's testimony, to which Mother's counsel unsuccessfully objected as being beyond the scope of the pleadings, is the basis for the juvenile court's finding that Mother abused her children, and as such allegations of physical and sexual abuse were not raised in the underlying neglect case, Mother had no notice of the allegations against which she would be required to defend.

■ Termination of parental rights must be based upon a ground alleged in the petition for termination. *In re H.R.R.*, 945 S.W.2d 85, 88 (Mo.App.1997). Subsection 4 of § 211.447 sets forth grounds for termination of parental rights and includes abuse or neglect as one of several grounds for termination.

Here, the finding of abuse and neglect as a ground for termination of Mother's parental rights was not the sole ground cited by the juvenile court. Also alleged and found as a ground for termination was that "[t]he children have been under the jurisdiction of the juvenile court for a period of in excess of one year and the conditions which led to the assumption of jurisdiction still persist[.]" § 211.447.4(3). Under this finding, the juvenile court included the requisite findings under § 211.447.4(3)(a) through (d), regarding the social service plan, the efforts of the juvenile officer and DFS, Mother's mental condition, and the issue of chemical dependency. The judgment included the finding that upon clear, cogent and convincing evidence, termination of Mother's parental rights would be in the best interests of the children.

"If there exists one statutory ground for termination of parental rights, that is sufficient for termination provided it is in the best interests of the child." *In re S—A—J—,* 818 S.W.2d 690, 703 (Mo. App.1991). That termination on the basis of "failure to rectify," under § 211.447.4(3) was adequately pleaded and sufficiently proved, Mother's claim of error concerning termination of parental rights on the basis of "abuse or neglect," under § 211.447.4(2) is without merit, and any error the trial court may have made in terminating Mother's rights pursuant to § 211.447.4(2) is harmless. *In re L.T.,* 989 S.W.2d 673, 677 (Mo.App.1999). Point one is denied.

The judgment terminating Mother's parental rights is affirmed.

BARNEY, P.J., and GARRISON, J., concur.